ANDERSON v. SMITH and Others.

A person being unable to pay all his debts, may sell his goods *bona fide* to another, in consideration that the latter will pay the purchase-money to a part of the vendor's creditors, specifying them, though the preferred creditors have not assented to the sale.

ERROR to the *Elkhart* Circuit Court.

SULLIVAN, J.—This was a trial of the right of property seized on execution. The property claimed was taken from the possession of the claimant by virtue of a *fieri facias*, issued by the defendants on the 7th of *January*, 1839, against the goods and chattels of *Roswell* & *Ruch*. *Ruch* and *Anderson* were partners in a mercantile establishment on the 24th of *September*, 1838, on which day they dissolved, and *Ruch* sold to *Anderson* his entire interest in the partnership goods. *Anderson*, in consideration thereof, obligated himself to pay to one *D. W. Gantley*, a creditor of the late firm of *Roswell* & *Ruch*, the sum of 626 dollars and 75 cents, and furthermore bound himself to pay to the creditors of *Ruch* and *Anderson*, in the city of *New-York*, the sum of 3,704 dollars and 65 cents, and to indemnify *Ruch* against all liability for said debts. The goods were accordingly delivered to *Anderson*, a notice of the dissolution of the partnership was published, and *Ruch* retired from the concern as a partner, but remained in the employ of *Anderson* as a clerk.

On the foregoing facts the Court instructed the jury as follows, " that if they believed from the evidence that all the goods and property of *Ruch* (including those in controversy) were transferred to *Anderson*, the claimant, by *Ruch* for the payment of the debts of the firm, without the knowledge or assent of the creditors for whose benefit the transfer was made; and that *Ruch* thus transferred all his goods that were liable to execution, and was insolvent, and the transaction was calculated to hinder or delay the payment of his debts; although it may have been *bona fide* between *Anderson* and himself, yet under such circumstances it is fraudulent in law as to *Ruch's* other creditors, and the goods are liable to sale on defendants' execution." The jury returned a verdict in favour of the defendants. The claimant moved for a new trial, and assigned as one of the reasons, the misdirection of

Nov. Term, 1840.

the Court. New trial refused, and judgment against the claimant.

There is no testimony in this case to warrant the conclusion, that the transfer of the goods from *Ruch* to *Anderson*, was an assignment for the benefit of *Ruch's* creditors. The sale was absolute and unconditional, and the obligation of *Anderson* to pay for the goods, by discharging certain debts due to certain individuals, equally so. It was substantially, except as to the debt due to *Gantly*, one partner buying out another, and assuming the debts of the firm. *Anderson's* liability to pay the amount agreed upon was fixed, whether he sold the goods at all or not.

*Ruch* might have sold the goods for cash and paid his debts himself, or if unable to pay all, he might have paid such as he preferred to discharge. So he might sell to any person that would do it for him. His creditors had nothing to do with the transaction. Their claims against him remained unchanged, to be enforced by them at their pleasure.

If the transaction between *Ruch* and *Anderson* was fair and *bona fide*, it was not necessary that it should be ratified by the creditors of *Ruch* assenting to it. The instruction of the Court may, therefore, have misled the jury. They may have supposed that the sale from *Ruch* to *Anderson* was not valid, unless the creditors of *Ruch*, who were to be paid by *Anderson*, had assented to the arrangement.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher*, *O. Butler*, *E. M. Chamberlain*, and *J. A. Liston*, for the plaintiff.

*J. B. Niles* and *J. L. Jernegan*, for the defendants.