*May Term,*
*1855.*

HALE
v.
PLUMMER.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*E. Dumont*, for the plaintiffs.

*J. Ryman*, for the state.

---

## HALE and Others *v.* PLUMMER and Others.

By the chancery practice, if affirmative matter in an answer which is made a cross bill, is not denied either by a replication or an answer to it as a cross bill, it is taken as true.

A release of dower by the wife in the conveyance of the husband's real estate, is a valuable consideration, and the sum to be paid for it may be secured to the wife through a trustee, if the parties so agree.

The wife of a partner has an inchoate right of dower in real estate of the partnership, upon which the character of personalty has not been purposely impressed by the partners, and which is not needed to discharge the debts of the partnership or to adjust the claims of the partners as between themselves.

ERROR to the *Floyd* Circuit Court. <span style="float:right">*Monday,*</span> <span style="float:right">*May 28.*</span>

GOOKINS, J.—This was a bill to foreclose a mortgage; brought by *Plummer*, and *Benton* and wife, against *Hale.* The property mortgaged was part of a lot in the city of *New-Albany.* The mortgage was made to *Plummer*, as trustee of Mrs. *Benton*, to secure the payment of ten promissory notes of 100 dollars each. The first and second notes having been paid, and the third and fourth being

May Term,
1855.

HALE
v.
PLUMMER.

due and unpaid, this bill was filed to foreclose the mortgage. It is in the usual form.

Hale's answer admits the execution of the notes and mortgage, and that eight of the notes remain unpaid. He makes his answer a cross bill, and sets up the following facts: That previous to the execution of the mortgage, he and the plaintiff, Benton, had been partners in the milling business; that their partnership property consisted of certain lots in New-Albany, and a steam-mill erected thereon, and three lots in a tract known as Griffin's tract, in Floyd county; that the firm of Hale and Benton was dissolved at the date of said notes and mortgage, being in debt to the amount of about 12,000 dollars; that Benton conveyed all his interest in the partnership property to Hale, who was to pay the partnership debts; that supposing said Hannah Benton to have an inchoate right of dower in said mill property, he gave her said notes and mortgage to induce her to join with her husband in said conveyance, her signature and seal to said conveyance being the only consideration of the notes and mortgage; and that he procured from the creditors of the firm a discharge of Benton from all the partnership debts, and assumed their payment himself.

The cause was set down for hearing upon the bill and answer. The Circuit Court held the answer insufficient, and a final decree of foreclosure was entered, from which the representatives of Hale, who is dead, prosecute this writ of error.

The affirmative matter in the answer not having been denied, either by a replication, or an answer to it as a cross bill, must be taken as true; and we are to consider whether the facts stated therein show that the notes and mortgage were without consideration.

It has been several times decided by this Court, that the sale of an inchoate right of dower, or even of a right vested by the death of the husband, can not be made until after the dower has been set apart. But we do not view this transaction as coming within that rule. The sale of the interest of Benton in the partnership property,

and the making of the notes and mortgage, were concurrent acts, and must be viewed as parts of one transaction. The sum of 1,000 dollars, secured to Mrs. *Benton* through her trustee, by means of this mortgage, must be regarded as a part of the consideration for the sale of the mill property. No one will doubt, we presume, that a release of dower by the wife, in a conveyance of the husband's real estate, is a valuable consideration, and that the sum to be paid for it may as well be secured to the wife, through a trustee, as in any other way, if the parties so agree.

But it may be answered, the widow of a deceased partner is not entitled to dower in real estate, held for partnership purposes. It is true that real estate may be so held for partnership purposes as to exclude the widow's right of dower; but we think it may also be so held as not to exclude it. Mr. *Story* says, that "so far as the partners and their creditors are concerned, real estate belonging to the partnership is, in equity, treated as mere personalty, and governed by the general doctrines of the latter. And so it will be deemed, in equity, to all other intents and purposes, if the partners themselves have, by their agreement or otherwise, purposely impressed upon it the character of personalty." Story on Partnership, s. 93. In the absence of any such agreement or act, the same writer says, there is a great diversity of judicial opinion, and of judicial decision, as to whether it is to be treated as real or personal property. Upon looking into the authorities, *English* and *American*, it is quite evident that the effort to reconcile them would be a hopeless task, and we are left to adopt what seems to us the more reasonable rule upon the subject. In a late decision in *New-York*, chancellor *Walworth* uses the following language: "The *American* decisions in relation to real estate purchased with partnership funds, or for the use of the firm, are various and conflicting. But I think they may generally be considered as establishing these two principles. *First*, that such real estate is in equity chargeable with the debts of the co-partnership, and with any balance that may be due from one co-partner to another, upon the winding up of the affairs of the firm.

*Secondly,* that as between the personal representatives and the heirs at law of the deceased partner, his share of the surplus of the real estate of the co-partnership, which remains after paying the debts of the co-partnership, and adjusting all the equitable claims of the different members of the firm, as between themselves, is to be considered and treated as real estate." *Buchan* v. *Sumner,* 2 Barb. Ch. R. 165. See, also, *Buckley* v. *Buckley,* 11 Barb. S. C. R. 44.

The High Court of Chancery in *Maryland* has adopted the rule, as indicated by judge *Story,* in the section quoted from his work on Partnership. That Court decided, in the case of *Goodburn* v. *Stevens,* that the real estate of a partnership, though regarded in a Court of Equity as personal estate for all partnership purposes, yet in the absence of an express or implied agreement, indicating an intention to convert it into personal estate, it will, when the claims of the partnership have been satisfied and the partnership accounts adjusted, be treated in a Court of Equity as at law, as real estate, and be subject to the dower of a deceased partner. 1 Md. Ch. Decisions 420.

*Collyer* on Partnership, 69, states the proposition generally, thus: If, under all the circumstances, it appear that the heir is to have a *beneficial* interest, the widow of the deceased partner will be entitled to dower. For this doctrine, the writer quotes the case of *Bell* v. *Phyn,* 7 Ves. 453. The editor of *Collyer* states that the deed in that case was to the partners, their heirs, &c., *as tenants in common,* which is not shown by the reported case. If that fact should be taken as a modification of the doctrine, as stated in *Goodburn* v. *Stevens,* still it would not affect the present case. We are not informed by the answer what were the terms of the partnership between *Hale* and *Benton.* Nor is there anything in the case to show that the partners have impressed upon the real estate held by the partnership the character of personal property, with its incidents only, nor that it was necessary to pay partnership debts. *Hale* has undertaken to show that the notes and mortgage were given without consideration; but he has failed to do so. Indeed, it appears by the answer, that

the partnership debts are all settled, and that *Benton* was discharged from them, at the time this transaction occurred, which is shown by a recital in the deed from *Benton* and wife to *Hale*, annexed to the answer as an exhibit. It appears affirmatively, therefore, that the property was not required for any of the exigencies of the partnership. It may have been worth much more than the 12,000 dollars which the firm owed. The answer does not state its value, and the parties by their contract estimated it at 1,000 dollars, at least, beyond the partnership liabilities.

We conclude, therefore, that as this case is presented by the answer, Mrs. *Benton* had a contingent right of dower in the property, and the parties having by their contract put their estimate upon its value, there is not shown by the answer any equitable defence to the complainants' bill.

*Per Curiam.*—The decree is affirmed, with 1 per cent. damages and costs.

*H. P. Thornton, J. Collins* and *J. C. Moodey*, for the plaintiff.

*R. Crawford*, for the defendant.