May Term,
1857.

FRANK
v.
PETERS.

</div>

---

<div style="text-align:center">

FRANK *v.* PETERS and Others.

</div>

<div style="text-align:right">

| 9 | 343 |
| 159 | 619 |

</div>

The creditor of a partnership for goods sold, cannot recover against parties who have purchased the goods from the partners in good faith, and paid for them.

He must look to his debtors, rather than to the goods, or to *bona fide* purchasers.

The fact that such debtors have become insolvent, in the popular sense of the word, does not deprive them of the power of making such *bona fide* sales.

It is only when partnership property is placed in the charge of trustees or Courts of equity, that it may be required to be first applied to the discharge of partnership debts.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Suit by *Frank* against *Peters* and *Marlow*, and *Chambers* and *Meredith*. The complaint states that on the 30th of *October*, 1855, *Peters* and *Marlow* were

<div style="text-align:right">

*Tuesday,*
*June 9.*

</div>

merchants trading in partnership, and, as partners, executed to the plaintiff a note for 400 dollars, being for goods purchased of him; that on the 28th of *January*, 1856, *Marlow* sold out his interest in the firm to his copartner, *Peters;* that afterwards, in *February*, 1856, *Peters* sold the entire stock of goods on hand to *Chambers;* that in *March* following, *Chambers* sold the same goods, or such of them as remained unsold, to *Meredith.* The complaint further states that the plaintiff has not been paid for the goods; that *Chambers* knew it; that *Peters* and *Marlow* are insolvent; and that it is a fraud on him, plaintiff, for *Meredith* to keep the goods which have not been paid for to plaintiff. Payment is sought from *Chambers* and *Meredith.*

*Chambers* and *Meredith* having severally paid for the goods, on purchase, to the persons from whom they bought, object to paying over again, and they severally demurred to the complaint as to them. The Court sustained the demurrers, and rendered judgment for them, and against *Peters* and *Marlow*, the makers of the note described in the complaint.

*Marlow* had a right to sell out his share in the partnership to *Peters.* The latter, after the sale, was the sole owner of the goods, and could sell them as he pleased; and a purchaser from him could resell them, saving, of course, in all cases, the question of fraud. See *Hubbs* v. *Bancroft*, 4 Ind. R. 388. But fraud in the sales in this case is not alleged. *Frank* must look to the assets, the proceeds of the sale of the goods in the hands of *Peters* and *Marlow*, his debtors, or to their pecuniary responsibility, rather than to the goods themselves, or to the purchasers of them from *Peters* and *Marlow*, in the present case, there being no fraud, and the latter purchasers having paid for the goods. *M'Donald* v. *Beach*, 2 Blackf. 55. The simple fact that men may be insolvent, in the popular sense of the word, does not deprive them of the power of selling their property by *bona fide* sales. *Anderson* v. *Smith, et al.*, 5 Blackf. 395. But when events occur which place partnership property in the charge of trustees and Courts of equity, then it may be required to be first applied to the

payment of partnership debts.   See Parsons on Merc. Law, <span style="float:right">May Term, <u>1857.</u></span>
pp. 185, 186, 187, *et seq.;* 2 Blackf. *supra; Reed* v. *Thayer,*
at this term (1).   ·

*Per Curiam.*—The judgment is affirmed with costs.
  *J. S. Scobey* and *W. Cumback,* for the appellant (2).
  *O. B. Hord,* for the appellees (3).   ،

