## PATTERSON *v.* BLAKE and Another.

A report of commissioners appointed to make partition of real property, to the effect that the same was not susceptible of division, should not be set aside on the ground that it is false, without legitimate proof of its falsehood.

Real property which constitutes the stock in trade of a partnership that has no outstanding debts or liabilities, may, upon the application of part of the firm, be divided among the partners according to their respective interests therein.

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—The appellees sued *Patterson* in two separate actions, one for the partition of real estate, and the other for a dissolution of partnership, and for an accounting between the partners. These suits were, upon the defendant's motion, consolidated. The complaint for partition alleges that plaintiffs, *Blake* and *Ray*, and defendant, *Patterson*, are the owners in common in fee simple, of certain lands (describing them) and water power connected therewith, of which they, the plaintiffs, demand partition, &c. The complaint for dissolution, and for the accounting, &c., states that plaintiffs and defendant entered into a contract for the purpose of constructing a flouring, grist, and saw-mill, on that part of the steam-mill site near *Indianapolis* which lies west of *Blake* street, near the *National* road bridge; that in the construction of the mill and everything connected therewith, the defendant was to pay one-half the expense, and plaintiffs the other half; and so, also, of the expense of carrying on the various businesses designed and proposed to be carried on by its construction. It

is averred that the parties, in pursuance of the contract, did erect, at said steam-mill site, a flouring, grist, and saw-mill, with the necessary machinery, &c., for doing business; that in doing all of which, the plaintiffs have paid, laid out and expended a much larger amount than defendant, viz., 7,000 dollars more than he, and although they have often called on, and requested him to settle and account, he has wholly failed to do so; that they have been compelled to continue as partners with the defendant, in conducting the milling business, which requires great outlays of money, which they are forced to advance or let the business stand; and that by reason of the defendant's failure to pay and keep even with them in expenditure, they are greatly injured, and are damaged 8,000 dollars.

An account, showing various items of expenditure alleged to have been made by the plaintiffs, is filed with the complaint.

There is a supplemental complaint, which charges that defendant has taken possession of the mill, and holds it to the exclusion of his partners, and takes all the proceeds, &c.; that he is dishonest and unsafe, and should not be allowed to control the business, &c.; and asks the appointment of a receiver to take possession of the mill and property until partition is made, &c.

Defendant answered—*first*, by special denial; and *secondly*, by alleging, *inter alia*, that the real estate described in the complaint is connected with said mill and partnership property, and that plaintiffs are indebted to defendant 14,000 dollars. An account, consisting of the items of the indebtedness thus alleged, is filed with the answer. There was a reply to the answer. The accounts filed by each party were, by order of the Court, referred to a master commissioner, who having reported thereon, the consolidated causes were submitted to the Court for trial, and the Court, having heard the evidence, &c., and being sufficiently advised, &c., ordered that the plaintiffs were entitled to partition of the lands described, &c., and that *N. B. Palmer*, *Nathaniel West*, and *William Sheets*, be appointed commissioners to make such partition, and that they report, &c.

May Term, 1859.

PATTERSON
v.
BLAKE.

And further, the Court found in favor of the plaintiffs, and against the defendant, 702 dollars, for which judgment was rendered, &c.

After this, in *January*, 1857, the Court being in session, the commissioners appointed to make partition, reported "that neither the whole nor any part of the lands of which partition is demanded, can be divided without damage to the owners." And thereupon the Court ordered that the lands, mills, water privileges, and appurtenances, &c., as described, &c., be sold, &c., and that *Robert B. Duncan* be appointed to make the sale, &c.

The record shows, that upon the filing of the commissioners' report, the defendant moved to set it aside, on the ground that said real estate, except the water power, including the mill-dam and race, is susceptible of partition; but his motion was overruled, and we think correctly, because the correctness of the report, so far as it avers that the lands, &c., are not susceptible of division, &c., stands unassailed by any legitimate proof. But it is insisted that the lands, &c., being partnership property and stock in trade, the Court erred in awarding the partition. The position thus assumed would be tenable, did it appear that there existed outstanding debts against the partnership, or joint liabilities uncanceled; but as the case stands, no such debts or liabilities appear to exist, and consequently there seems to be no valid reason why the action of the Court in ordering the partition, should be held erroneous. *Roberts* v. *McCarty*, 9 Ind. R. 16, and notes. Other points are raised in the assignment of errors, but not insisted upon in the appellant's brief. They will not, therefore, be noticed in this opinion. See rule 28 of this Court; Ind. Dig., p. 722.

The judgment in favor of the plaintiffs for 702 dollars, is affirmed with 5 per cent. damages, and the order directing the sale of the real estate, is also affirmed, and costs adjudged against the appellant, &c.

*H. O'Neal, J. L. Ketcham*, and *I. Coffin*, for the appellant.

*J. Morrison* and *C. A. Ray*, for the appellees.