Nov. Term,
1861.

SCHÆFFER
v.
FITHIAN.

---

SCHÆFFER and OTHERS *v.* FITHIAN and Others.

Suit against *A.* and *B.*, and their wives, to set aside a conveyance of real estate, made by *C.* to the wives of the said *A.* and *B.* The complaint alleged that the said *A.* and *B.*, being partners, were indebted to the plaintiffs in a large sum, upon which a judgment had been recovered against them; that after the making of said debt, and before the recovery of the plaintiff's judgment, the said *A.* and *B.* had sold a large stock of merchandise owned by them to *C.*, and had received in part payment a conveyance of certain real estate; that after the conveyance by *C.* to them, they had, for the purpose of defrauding their creditors, delivered up said deed to *C.*, and procured him to execute a deed to their wives. Answer, by *A.* and wife, denying all fraud, and all knowledge of the execution of any deed by *C.* to *A.* and *B.*, and averring that the said *A.*

had received from the estate of his wife $900, which he had several times invested in her name and for her benefit; and the same coming again into his hands, he invested the same in goods for the firm of *A.* and *B.*, where the same remained, as the separate money of his wife, until the sale of said goods to *C.;* that the conveyance of *C.* to her was in consideration of said debt, and to discharge the same, and was so accepted. *B.* and wife answered, denying all fraud, and also all knowledge of any conveyance by *C.* to *A.* and *B.*, and averring that the father-in-law of the said *B.* had advanced to him and his wife $1,500, for which he held their joint note, and that at the time of the sale of the goods to *C.*, it was agreed between him and his said father-in-law, that the latter should receive one half of the land to be conveyed by *C.*, in discharge of said debt, and that said land was, by the direction of his said father-in-law, conveyed to his daughter, the wife of *B.*, as an advancement, in pursuance of said agreement.

*Held*, that the answer of *A.* and wife sufficiently excluded the idea that the money received by *A.* from his wife became his by virtue of his marital rights, and that this indebtedness to the wife constituted a good consideration for the conveyance.

*Held*, also, that the answer of *B.* and wife showed a sufficient consideration for the interest conveyed to her, and the transaction, in the absence of fraud, was valid.

*Held*, also, that the doctrine that partnership assets must first be applied to the payment of partnership debts, does not apply to cases where the partnership still exists, but only to cases where the principles of equity are brought to interfere in the distribution of partnership property among the creditors; the partners having a legal right, during the continuance of the partnership, to dispose of their property as they please.

*Held*, also, that if a deed was once executed and delivered by *C.* to *A.* and *B.*, the surrender of the deed to the former would not revest the title in *C.;* but as the complaint did not aver that such deed had ever been recorded, and as the answers of the wives denied any knowledge of its ever having been made, they must be regarded as innocent purchasers without notice.

*Held*, also, that under 1 R. S. 1852, § 16, p. 234, it is wholly immaterial whether the subsequent conveyance was made before or after the expiration of the ninety days limited for the recording of the first; and as to the prior purchaser, it is immaterial whether the subsequent conveyance is ever recorded.

APPEAL from the *Randolph* Circuit Court.

WORDEN, J.—This was an action by the appellees against the appellants. The complaint alleges, in substance, that the defendants, *Valentine* and *David W. Schæffer,* who were

partners in business, in *March*, 1858, became indebted to the plaintiffs, who were also partners in business, in the sum of $879, for goods sold and delivered.· That in *February*, 1859, the plaintiffs recovered judgment against said *Valentine* and *David W.* for the amount of said indebtedness, in the Superior Court of *Montgomery* county, in the State of *Ohio;* that an execution issued upon the judgment has been returned unsatisfied, and that the defendants have no property in the State of *Ohio* subject to execution. That on *November* 13, 1858, the said *Valentine* and *David W. Schœffer*, who then held and owned, as such partners, a large amount of dry goods, of the value of. $10,000, traded and exchanged said stock of dry goods to one *Handy D. Bowen*, and in part consideration therefor, received from *Bowen* certain real estate, situated in *Randolph* county, *Indiana*, which real estate is described in the complaint; that the land was received and estimated in the exchange as of the value of $2,587, and was conveyed by deed from *Bowen* to *Valentine* and *David W. Schœffer*. That said *Valentine* and *David W.*, for the purpose of defrauding their creditors, and particularly the plaintiffs, on *November* 13, 1858, returned and delivered up said deed of conveyance to said *Bowen*, and procured *Bowen* to make a deed for the same land to *Mary E. Schœffer*, wife of *Valentine*, and *Frances Schœffer*, wife of *David W.*, without any consideration from said *Mary E.* and *Frances*, or either of them, who continue to hold the apparent title, in fraud of the rights of the plaintiffs.

Prayer for judgment against *Valentine* and *David W.*, for the amount of the judgment recovered in *Ohio*, with costs and interest, and that the conveyance to *Mary E.* and *Frances* be set aside and held for naught, and that the land be sold to satisfy the debt.

The defendants all appeared and answered.

*Mary E.*, in conjunction with her husband, answered, admitting the recovery of the judgment, as alleged, and the want of property in *Ohio* to satisfy it, and the conveyance of the land by *Bowen* to her and said *Frances*, but denying all fraud, and averring that the conveyance was made in good faith and for a valuable consideration. That in regard to

the interest of *Mary E.* in the premises, the facts are, that in *October*, 1853, the said *Valentine* received from her estate the sum of $900, money belonging to her, and loaned the same to one *Thomas Schœffer*, taking a note for the same, payable to said *Mary E.*; that afterward, said *Valentine* received the money from said *Thomas*, and invested the same with one *Jonathan Wike*, as the money of his said wife; that afterward, in 1856, said *Valentine* again received said money, and invested the same, as the money of his said wife, in goods for the said firm of *V. & D. W. Schœffer*; that said money so remained in said firm, charged to said *Valentine* as the separate fund of his wife, until the sale by said firm to *Bowen*; that during all this time the said sum of money was invested and kept as the separate property of said *Mary E.*, and with the express agreement and understanding that the same should be accounted for by said firm to said *Mary E.*; that in pursuance of said agreement, the said firm of *V. & D. W. Schœffer*, at the time of the sale of their goods to *Bowen*, caused the real estate mentioned to be conveyed to said *Mary E.* and *Frances Schœffer*, jointly; that the conveyance was made at the request of *Mary E.*, and was by her received in full payment of the debt due from the said firm to her; that it was so made and received by her in good faith, and without any design to defraud the creditors of said firm; and that the execution of any deed by *Bowen* to *Valentine* and *David W. Schœffer*, prior to the conveyance to *Mary E.* and *Frances*, was entirely unknown to them.

*Frances Schœffer*, in conjunction with her husband, answered, admitting the recovery of the judgment, &c., as in the answer of *Mary E.*, but denying all fraud, and all knowledge of a previous conveyance by *Bowen* to *Valentine* and *David W.*, and averring that the sale and conveyance to her and *Mary E.* was made in good faith, and for a valuable consideration; and alleging the facts to be, so far as her interests are concerned, that in 1851, and soon after her marriage with said *David W.*, *Jacob Browning*, her father, advanced to her and her said husband the sum of $2,500, to be used by them until demanded, for which they gave him

Nov. Term,.
1861.

SCHÆFFER
v.
FITHIAN.

their promissory note, payable on demand; that on *February* 23, 1858, they paid said *Browning* $1,000, by conveying to him a lot in *Dayton*, and took up the first note, and executed to *Browning* another for $1,500, payable on demand; that on *November* 1, 1858, and at the time of the exchange of goods with *Bowen*, it was agreed between said *David W.* and *Browning*, that the land aforesaid should be conveyed to said *Frances* and *Mary E.* jointly, and that said · conveyance, being to his daughter, should be a payment of said $1,500, and that the same to that extent should be held and regarded as an advancement to said *Frances*. That in pursuance of said arrangement and agreement, said lands were so conveyed, and by means thereof the $1,500 note was paid and discharged. That the execution of any deed from *Bowen* to *Valentine* and *David W.* was entirely unknown to said *Frances*, *Mary E.*, or to said *Browning*.

A demurrer was sustained to each of these answers, and the defendants excepted. Judgment, that the plaintiffs recover their debt of the defendants *Valentine* and *David W. Schæffer*, and that the conveyance from *Bowen* to *Mary E.* and *Frances* be set aside, as to the creditors of said *Va'entine* and *David W.*, and that the land be sold, &c.

The only question presented by the record is, whether the answers of *Mary E.* and *Frances* are sufficient.

We are of opinion that the answers were good, and that the demurrers thereto should have been overruled.

The money received by the husband of *Mary E. Schæffer* was not received by virtue of his marital rights, as his own, but as hers, and for her benefit, and he became her debtor for the amount of it, unless he was entitled to receive the money as his own in virtue of their marriage. Whether, in case the husband was entitled to the money by virtue of the marriage, the receipt of it by him, not in his own right, but in hers, and for her benefit, made the money his own, leaving no indebtedness from him to her, and no right in her to have the money refunded, is a question similar to one upon which this Court was divided in opinion, in the case of *Miller* v. *Blackburn*, 14 Ind. 62. This question need not be decided in the present case. It is alleged in the

pleading, that the husband "received from his wife's estate the sum of nine hundred dollars, money belonging to his wife," &c. This money may have belonged to the wife in two ways, at least. *First:* It may have been given or bequeathed to her *for her separate use*, in which case it would be hers, and not the husband's, in virtue of the marriage. *Miller* v. *Blackburn, supra;* 2 Story's Eq. Jur., § 1381. *Second:* It may have been hers by virtue of our statutes enlarging the rights of married women. The pleading, we think, is sufficient to exclude any conclusion that the money was the husband's in virtue of the marriage. The money, having for a time been loaned out, was finally invested in goods for the firm, and the firm, or said *Valentine,* (and we regard it as immaterial which,) became indebted to said *Mary E.* for the amount. This indebtedness was a good consideration for the conveyance. Leaving out of view, for the present, any question as to the effect of the previous conveyance by *Bowen* to *Valentine* and *David W.,* the case stands thus: the firm, or one member of it, owes *Mary E.* $900; they trade goods to *Bowen* for some land, and wishing to pay the debt to *Mary E.* with the land, the conveyance is made directly from *Bowen* to her. This conveyance is supported by a sufficient consideration, and the transaction is valid, in the absence of fraud, which is denied in the answers.

The same may be said in reference to the answer of *Frances. David W.,* the husband of *Frances,* owed *Browning* $1,500. *Browning* was the father of *Frances,* and he was willing to receive the land and have it conveyed to his daughter, as an advancement to her, for the $1,500 debt. Here is a sufficient consideration, and the transaction, in the absence of fraud, which is denied, is valid.

But it is insisted that the partners could not apply the partnership effects to the payment of the debts of the individual members of the firm, until the partnership debts were paid. It is a general rule, that where a partnership is dissolved by the death or bankruptcy of one of its members, the partnership effects must be first applied to the payment of partnership debts, before creditors of the individual members of the firm can demand payment out of such

effects. *Holland* v. *Fuller*, 13 Ind. 195; *Weyer* v. *Thornburgh*, 15 *id.* 124. But this doctrine does not apply to cases where the partnership still exists, and the partners have a legal right to dispose of their property as they please. It is applicable only when the principles of equity are brought to interfere in the distribution of the partnership property among the creditors. *McDonald* v. *Beach*, 2 Blackf. 55; *Frank* v. *Peters*, 9 Ind. 343; Story on Part., § 361. The case of *McDonald* v. *Beach* is directly in point here.

We come now to the question whether the previous conveyance of the land by *Bowen*, to *Valentine* and *David W. Schæffer*, vested the title in them, so as to render the subsequent conveyance to *Mary E.* and *Frances* inoperative and void. The surrender of the deed by *Valentine* and *David W.*, to *Bowen*, did not revest the title in the latter. This proposition is too clear to require a reference to the authorities. But the title of *Mary E.* and *Frances* is none the worse in consequence of such surrender and attempted reinvestment of the title. The deed from *Bowen* to *Valentnie* and *David W.* was not recorded. If recorded, that fact should have been shown, and can not be presumed. *Magee* v. *Sanderson*, 10 Ind. 261.

It is alleged in the answers that neither *Mary E.*, *Frances*, or *Browning*, had any notice of such conveyance. *Mary E.* and *Frances* must be regarded as innocent purchasers, having no notice of the previous conveyance. Our statute on the subject of registering conveyances, provides that " every conveyance or mortgage of lands, or of any interest therein, and every lease for more than three years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every such conveyance or lease not so recorded within ninety days from the execution thereof, shall be fraudulent and void, as against any subsequent purchaser or mortgagee, in good faith, and for a valuable consideration." 1 R. S. 1852, § 16, p. 234.

Under this statute, it would seem to be wholly immaterial whether the subsequent conveyance was made before, or after, the expiration of the ninety days limited for the recording of the first; nor is it material, so far as the prior purchaser is

concerned, whether the subsequent conveyance is ever recorded or not. We think, under this statute, that the conveyance to *Mary E.* and *Frances*, they having no notice, actual or constructive, of the prior conveyance, must be held to vest a valid title in them, the former conveyance, as to them, being void. This view is fully sustained by the case of *Orth* v. *Jennings*, 8 Blackf. 420. In that case, *John Jennings* being the owner of a piece of land, sold and conveyed the same to *Thomas Clawson.* The deed was not recorded within the time then fixed by law for the recording of deeds. Afterward, *Jennings* repurchased the land from *Clawson*, and the latter, instead of reconveying the land to *Jennings*, surrendered up to him the former deed to be canceled. Afterward, *Jennings* conveyed the land to the *State Bank.* It was held that although the surrender of the deed to *Jennings*, by *Clawson*, did not revest the title in *Jennings*, yet that the deed from *Jennings* to the bank was valid, in consequence of the deed from *Jennings* to *Clawson* not being recorded within the time limited.

*Per Curiam.*—The judgment that the plaintiffs recover their debt of the defendant's, *Valentine* and *David W. Schœffer*, is right, and need not be disturbed. But that portion of the judgment setting aside, and holding for naught, the conveyance from *Bowen* to *Mary E.* and *Frances Schœffer*, and ordering the land thus conveyed to be sold for the payment of the debt, is reversed, with costs. Cause remanded, &c.

*Thos. M. Brown* and *John J. Cheney*, for the appellants.
*James G. Jones* and *W. A. Peele*, for the appellees.