---------o---------

KISTNER *v.* SINDLINGER.

PARTNERSHIP.— *Individual and Partnership Debts.*— *Mortgage.*—Certain real estate being owned by a firm composed of two partners and used in the business of the partnership, one of them alone executed a mortgage on an undivided half of it, to secure the payment of his individual debt. Afterwards said real estate was sold at sheriff's sale under a judgment rendered, after the execution of said mortgage, against the partners, for a debt of the firm contracted before the execution of the mortgage.

*Held,* that the mortgagee was not entitled to foreclose his mortgage as against the purchaser at the sheriff's sale, without first redeeming or offering to redeem from the sheriff's sale that part of the real estate covered by said mortgage.

APPEAL from the Shelby Common Pleas.

This was an action by Philip F. Sindlinger against Charles Schreiber and Adam Kistner, to foreclose a mortgage executed on the 26th day of January, 1867, by Schreiber to Sindlinger, on an undivided half of lot seventy-four, "together with all the buildings appertaining thereto," in Fletcher and McCarty's addition to the town of Shelbyville.

The mortgage was given to indemnify Sindlinger as the surety of Schreiber on a note executed by them to one Alfred Major, on the 23d day of January, 1867, for three hundred and fifty dollars, payable twelve months after date. It is averred in the complaint, that Sindlinger had been compelled to pay on said note $253.90; and also, that the defendant Kistner, on the 23d day of May, 1868, had become the purchaser, at sheriff's sale, on executions against said Schreiber, of the mortgaged premises; that the judgments on which said executions were issued, were rendered subsequent to the date of said mortgage.

Kistner in a separate answer set up a special defense, to which a demurrer was sustained, and he excepted. Schreiber answered by denial. The issue made by his answer was tried by the court, and there was a finding, and final decree of foreclosure.

Kistner alone appeals.

ELLIOTT, J.—It is insisted here, for the appellant, that the facts alleged in his answer constituted a valid bar to the foreclosure of the mortgage, and that the court therefore erred in sustaining the demurrer to it. This is the only question in the case.

The facts presented by the answer are, in substance, as follows: In 1866, the defendant Schreiber and one Vogle were partners in the trade and business of manufacturing beer and ale at Shelbyville, in said county of Shelby, and as such partners purchased the whole of the lot described in the complaint and erected thereon a brewery and place of business for said partnership, and in December, 1866, as such partners, they purchased of the appellant and one

Renner, a copper brewing kettle, and other articles and implements used in their business of brewing, for the price and sum of twelve hundred dollars, and paid thereon the sum of four hundred and sixty-six dollars, and thereupon set up and placed said kettle and other articles in their said partnership brewery on said lot; that afterwards, on the 10th day of January, 1867, said Schreiber and Vogle executed to said Kistner and Renner their partnership note for seven hundred and thirty-four dollars, payable in one year thereafter, being the balance of the price and purchase-money for said brewing kettle and other articles; that said note being unpaid, said Kistner and Renner brought suit thereon, and on the 2d day of March, 1868, recovered a judgment thereon against said Schreiber and Vogle, in the Court of Common Pleas of Shelby county, for the sum of $743.13, with costs of suit; that afterwards, on the 18th of March, 1868, an execution was duly issued on said judgment and placed in the hands of the sheriff of said county, who levied the same on the lot described in the complaint, and after giving due notice of the time and place of sale, offered and exposed the whole of said lot for sale at public auction, to satisfy said execution and divers other executions then in his hands against said Schreiber and Vogle and then and there sold the same to the appellant, for the use of himself and said Renner, for the sum of seven hundred dollars, which he then paid, and of which there was applied to the execution in favor of said Kistner and Renner, the sum of $246.93, leaving the residue thereof unpaid; that ever since the sale of said lot, the said firm of Schreiber and Vogle, and each of the members thereof, have been and are insolvent, having no other property or effects subject to execution; that the mortgage mentioned in the complaint was executed by said Schreiber long after said debt due said Kistner and Renner was contracted by said firm of Schreiber and Vogle, and was given by said Schreiber alone, on an undivided half of said lot, to secure the private, individual debt of said Schreiber, and not for or on

account of any debt due from or contracted by said partnership of Schreiber and Vogle. Nor has the said plaintiff or any other person redeemed or offered to redeem said lot from said sheriff's sale. Wherefore, he says that the plaintiff is not entitled to a judgment or decree of foreclosure of said mortgage against said appellant, &c.

It is well settled, that one partner cannot apply the partnership assets to the payment of his individual debt, without the consent of his co-partner. And so, where a partnership is dissolved by the death or bankruptcy of one of its members, the partnership effects must be first applied to the payment of the partnership debts, before creditors of the individual members of the firm can demand payment out of such effects. *Holland* v. *Fuller*, 13 Ind. 195; *Weyer* v. *Thornburgh*, 15 Ind. 124. But this rule does not apply to cases where the partnership still exists and the partners have the legal right to dispose of their property as they please. Whilst such is the case, the partnership property may be applied, by the act or consent of both the partners, to the individual debt of one of them. The rule is only applicable when the principles of equity are brought to interfere in the distribution of partnership property among the creditors. *M'Donald* v. *Beach*, 2 Blackf. 55; *Frank* v. *Peters*, 9 Ind. 343; *Shæffer* v. *Fithian*, 17 Ind. 463.

But a sale by one partner of his interest in real or personal property held by and for the use of the firm, does not affect the right of the other partner to have it subjected first to the payment of the partnership debts. Indeed, such a sale only confers on the purchaser the rights or interest of the vendor in the property after the settlement of the partnership and the payment of all its liabilities.

Here, the answer shows that the whole lot was purchased for and used by the partnership, for the sole use of the firm, on which they erected their partnership brewery, and whilst it was so used and held, and after the debt due to Kistner and Renner was contracted by the firm, Schreiber alone, executed the mortgage sought to be foreclosed, to secure

the payment of his individual debt, on an undivided half of the lot and the buildings thereon.

The mortgage was not executed by or in the name of the partnership. It is the individual act of Schreiber, one of the partners, and only created a lien on his interest in the lot, subject to the liabilities of the firm; and the appellant having become the purchaser of the lot under a judgment against the partners for a debt of the firm, his claim is paramount to that of the appellee under the mortgage.

Kistner having purchased the lot at sheriff's sale on judgments against the firm, which, in equity, were paramount to Sindlinger's mortgage, the latter was not entitled to a foreclosure of his mortgage, as against Kistner, without first redeeming, or offering to redeem, that part of the lot covered by the mortgage from the sheriff's sale, which, it is averred, he did not do.

The answer was good, and the court erred in sustaining the demurrer.

Judgment as to Kistner reversed, with costs, and the cause remanded, with direction to the court to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

*J. Schwartz,* for appellant.