*H. Craven* and *J. A. Harrison*, for appellants.

---

## HUSTON ET AL. *v.* NEIL.

PARTNERSHIP.—*Right of Widow in Partnership Real Estate.*—Where certain real estate was purchased by partners, with partnership means, for partnership purposes, and was mortgaged to secure the payment of a partnership debt, and was afterward sold on a foreclosure of the mortgage, and purchased by the partnership creditors, leaving a balance of the partnership debt unpaid, the firm and its members being insolvent;

*Held*, in a suit for partition by the widow of one of the partners, who had died after said sale, that she was not the owner of any portion of the premises, though she did not join in executing the mortgage, and was not made a party to the suit for foreclosure.

SAME.—Where real estate is held as partnership property, the separate interest of each partner is his share of the surplus remaining after the payment of the

debts of the firm and the final accounting between the partners. If there is no surplus, there is no real estate of which the individual partners can be seized; and in such case, the wife of a partner is not a necessary party to a suit for the foreclosure of a mortgage made by the partners to secure a partnership debt.

APPEAL from the Fayette Common Pleas.

BUSKIRK, J.—This was an action by the appellee against the appellants to obtain a partition of certain real estate.

The complaint alleges that the plaintiff was a tenant in common with the defendants in lot fifty-one of Conner's first plat in the original plat of the town of Connersville, Fayette county, Indiana; that on the 27th day of April, 1855, one Joshua Bates and one Edward Neil purchased said real estate from the Junction Railroad Company, which company, by proper deed, conveyed said property to Bates and Neil; that at the time said conveyance was made to said Bates and Neil, she was the lawful wife of the said Edward Neil, and continued to be such until the 4th day of January, 1870, when the said Neil departed this life intestate; that on the 30th day of April, 1855, the said Bates and Neil, by a mortgage duly and lawfully executed, mortgaged said lot to the defendants; that on the 17th day of March, 1859, the said mortgage was foreclosed, and said real estate was ordered to be sold; that in pursuance of said decree and order of sale, the said property was, on the 7th day of ———, 1859, sold, and was purchased by the said defendants, to whom a proper conveyance was made, and are now the owners of the undivided five-sixths thereof; that she did not join with her husband in the execution of said mortgage; that she has not parted with her interest in said property; that as the widow of said Edward Neil, deceased, she is the owner of, and entitled to, the one undivided sixth of said real estate; and that the defendants are the owners of, and entitled to, the one undivided five-sixths. There was a prayer for partition and other proper relief.

There was issue, trial by the court, finding for the plaintiff, motion for a new trial made, overruled, and excepted to, and judgment on the finding.

The appellants have assigned for error the sustaining of a demurrer to the second paragraph of the answer, and the overruling of the motion for a new trial.

The second paragraph of the answer is as follows:

"And for further answer, said defendants say that they admit the execution of a mortgage by Joshua Bates and Edward Neil, as stated in the complaint, conveying to the defendants the premises described in the said complaint as security for a debt due by them to the defendants, and that such proceedings were afterward had on said mortgage, that the same was foreclosed, and said property was sold, and the defendants became the purchasers thereof; that said mortgage was executed on the 30th day of April, 1855, but the defendants aver that at the time of the execution of said mortgage, the said Joshua Bates and Edward Neil were, and for a long period prior to that time had been, partners, doing business under the firm name of Bates & Neil; that as such partners, said Bates & Neil were engaged in the business of constructing the Junction Railroad, as contractors of and under the said Junction Railroad Company; that as such partners, the said Bates & Neil purchased and held the property described in plaintiff's complaint, as partnership property and assets; that they purchased the same with partnership funds, for partnership purposes; that at the time of said purchase as aforesaid, the said firm of Bates & Neil was indebted to the defendants in the sum of fifty-one hundred and fifty dollars, for money and goods furnished by the said defendants to the said firm of Bates & Neil in and about their said firm business; that on the 30th of April, 1855, and three days after the conveyance of said property to said Bates & Neil, as aforesaid, by the Junction Railroad Company, said Bates & Neil executed their said note to the defendants for the said sum of fifty-one hundred and fifty dollars (a copy of which note is herewith filed and made part hereof), and on the same day executed a mortgage on said real estate as security for said note and the debt evidenced thereby (a copy of which mortgage is also filed here-

Huston *et al. v.* Neil.

with and made a part hereof); and the defendants say that said mortgage is the same of which foreclosure was had, and to satisfy which said property was sold as aforesaid; and the defendants aver that after the sale of said property as aforesaid, and the application of the proceeds to the payment of said debt, there remained unpaid a balance of said debt to the amount of one thousand dollars, which said balance yet remains unpaid; and the said firm and the several members thereof have been since, and were prior to the rendition of the judgment mentioned in said complaint, wholly and notoriously insolvent; wherefore the said defendants say as against them, creditors of said firm as aforesaid, said plaintiff has no interest whatever in said real estate, or right to partition thereof, and they pray judgment," etc.

The substance of the above answer is, that the property in controversy was purchased by partners, with partnership means, for partnership purposes, and that it was mortgaged to secure a partnership debt, and was sold on a foreclosure of such mortgage, and purchased by the partnership creditors, leaving a balance of their judgment unpaid, the firm and the members composing it being insolvent.

It is insisted by counsel for appellants that property thus acquired and held is regarded and treated as personal property and goes to pay the debts of the partnership, and only after they are paid does it, or what is left of it, become the individual property of the partners; and that as it was applied to the payment of partnership debts, leaving a balance of such debts due and unpaid, the firm and individual members thereof being insolvent, the same was never held and owned by the said Bates & Neil as real estate; and that consequently no portion thereof descended to, or is owned by, the plaintiff by virtue of her marital rights.

There is an irreconcilable conflict between the English and American doctrine on this subject, and there is much conflict in the rule of decision adopted in the different states.

We find the law stated with great clearness and accuracy by Parsons in his work on Partnership. After speaking

of the English doctrine, he says: "In this country the rule is otherwise. Neither of the reasons above stated apply to us. There is not, and we know no reason why there should be, any reluctance to recognize as partnership property any real estate which the owners wish should be so considered. And when it has fulfilled all its functions as personal property, in respect of the partnership, the partners, and the creditors, and is no longer wanted for these, it may now become in their hands who have the legal title, real estate, and subject to all incidents as such; because the same persons with us take the personalty and inherit the realty, and it will be much simpler and easier for them to take at once as realty that which is realty. The following, then, is the American rule: Real estate, purchased and held as partnership property, is so treated in equity, and subjected to all the incidents of partnership property. If there be death, the surviving partner, whether he hold the whole title, or hold it in part, or hold none of it, if he be a creditor of the partnership, has the same rights against the real estate, and only the same, which any other creditor has. But this real estate goes to pay the debts of the partnership, and only after they are paid does it, or what is left of it, become the property of the partners, or their representatives, free from all claims; and then it is divided between them just as so much money capital would be. But it then becomes at once real estate, or rather, all the incidents and qualities of real estate revive. This rule goes upon the ground of a trust imposed upon all who hold the legal title, in behalf of all partnership objects; and, that trust once discharged, the residue resumes its former character."

The same author, in speaking of the right of dower, in such real estate, says: "The English rule would seem to cut this off. But in this country it is quite well settled that while dower yields to the claims of partnership creditors, whether they are of the firm or strangers, and therefore cannot be granted until all the partnership debts are paid or secured, yet, when this is accomplished, as the land is

treated in the same way as if it had never entered into partnership property, dower revives."

The previous rulings of this court are in harmony with the principles above enunciated. *Matlock* v. *Matlock*, 5 Ind. 403; *Hale* v. *Plummer*, 6 Ind. 121; *Roberts* v. *McCarty*, 9 Ind. 16; *Patterson* v. *Blake*, 12 Ind. 436; *Holland* v. *Fuller*, 13 Ind. 195; *Dean* v. *Phillips*, 17 Ind. 406; *Schæffer* v. *Fithian*, 17 Ind. 463; *Kistner* v. *Sindlinger*, 33 Ind. 114.

This court, in *Hale* v. *Plummer*, *supra*, quote with approval the following: "In a late decision in New York, Chancellor WALWORTH uses the following language: 'The American decisions in relation to real estate purchased with partnership funds, or for the use of the firm, are various and conflicting. But I think they may generally be considered as establishing these two principles. First, that such real estate is in equity chargeable with the debts of the co-partnership, and with any balance that may be due from one co-partner to another, upon the winding up of the affairs of the firm. Secondly, that as between the personal representatives and the heirs at law of the deceased partner, his share of the surplus of the real estate of the co-partnership, which remains after paying the debts of the co-partnership and adjusting all the equitable claims of the different members of the firm, as between themselves, is to be considered and treated as real estate.' *Buchan* v. *Sumner*, 2 Barb. Ch. R. 165. *Buckley* v. *Buckley*, 11 Barb. S. C. R. 44."

It is insisted by counsel for appellee, that the answer is defective for not averring that the firm and the members composing it were insolvent at the time the decree of foreclosure was rendered. The averment on that subject is as follows: "And the defendants aver that after the sale of said property as aforesaid, and the application of the proceeds to the payment of said debt, there remained unpaid a balance of said debt to the amount of one thousand dollars, which said balance yet remains unpaid, and the said firm and the several members thereof have been since, and were

prior to, the rendition of the judgment mentioned in said complaint, wholly and notoriously insolvent."

We think the objection untenable. It seems to us that the averment that the insolvency existed prior to and since the rendition of the judgment, creates the implication that it existed at the time thereof. But however that may be, we consider the other averment, that a thousand dollars of a partnership debt remained due and unpaid was sufficient. This court, in *Patterson* v. *Blake, supra,* uses this language: "But it is insisted that the lands, etc., being partnership property and stock in trade, the court erred in awarding the partition. The position thus assumed,would be tenable, did it appear that there existed outstanding debts against the partnership, or joint liabilities uncancelled; but as the case stands, no such debts or liabilities appear to exist, and consequently there seems to be no valid reason why the action of the court in ordering the partition, should be held erroneous."

It is also insisted by counsel for appellee that she was a proper and necessary party to the proceeding to foreclose said mortgage, and that as she was not made a party, her rights cannot be and are not affected by such foreclosure and the sale made in pursuance thereof.

If the property in controversy was partnership property, then the interest of Neil was but the surplus remaining after the payment of the debts of the firm and the final accounting between the partners. If there was no surplus, Neil was never seized of the property, as real estate, at any time prior to his death, and consequently his wife had no interest in such property which would make her a necessary party to the suit to foreclose. Those only are necessary parties defendants who have or claim an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved. Sec. 18 of the code, 2 G. & H. 46.

The case of *Fletcher* v. *Holmes,* 32 Ind. 497, is, upon the point under examination, much in point, and conclusively settles the question against the appellee.

In the quotation hereinbefore made from Parsons on Partnership, the author speaks of dower. Our statute has abolished dower and substituted in its place one-third in fee simple, but the same principles of law will apply to both alike.

We are very clearly of the opinion that the facts stated in the second paragraph of the answer constituted a complete defence to the action, and that the court erred in sustaining the demurrer thereto, for which error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.

*J. C. McIntosh*, for appellants.

*Helm, Puntenney & Little*, for appellee.