Filed May 27, 1889.

No. 13,008.

PURPLE ET AL. *v.* FARRINGTON ET AL.

PARTNERSHIP.—*Mortgage of Firm Property to Secure Individual Debt.—Validity of.*—A chattel mortgage executed by insolvent partners, upon all the firm property, to secure the individual debt of one partner, is valid, if made in good faith and with no intent to defraud partnership creditors.

SAME. *—Consideration.—Statute of Frauds.—Fraudulent Intent a Question of Fact.*—Under the statutes of this State, fraudulent intent is a question of fact, and no conveyance or charge will be adjudged fraudulent as against creditors solely on the ground that it was not founded on a valuable consideration.

PLEADING.—*Attachment.—Failure to Answer.—Waiver.*—Where an attachment plaintiff goes to trial without requiring an answer to be filed to the complaint in discharge of a rule, the complaint is not confessed by

the defendant, but the filing of an answer will be considered as waived by the plaintiff and the case will be determined as though an answer had been filed.

From the DeKalb Circuit Court.

*W. L. Penfield,* for appellants.

*C. A. O. McClellan* and *D. A. Garwood,* for appellees.

BERKSHIRE, J.—The appellees, as partners, sued the appellants, Johnson and Cannan, as partners, to recover a sum of money claimed to be due them, and averred in their complaint that the said appellants had executed to their co-appellant, Purple, a chattel mortgage upon all the partnership goods owned by them to secure an alleged indebtedness due to the mortgagee from Cannan, one of the partners, contracted long before the existence of the partnership between Cannan and Johnson; that Johnson and Cannan were insolvent when the mortgage was executed, and that the said Purple accepted the mortgage with a full knowledge of all the facts; that the said mortgage was executed by Johnson and Cannan and accepted by said Purple for the purpose of defrauding creditors. With the complaint an affidavit in attachment was filed against Johnson and Cannan, charging them with having sold and conveyed their property, subject to execution, by way of chattel mortgage, for the purpose of defrauding creditors. A writ of attachment was issued to the sheriff of DeKalb county, which he executed upon the property described in the chattel mortgage and took possession thereof, the same at the time of the execution of the writ being in the possession of the appellant Purple as mortgagee. Johnson and Cannan moved to quash the writ of attachment, which motion the court overruled. Afterwards the appellees filed an amended complaint, to which the appellants filed demurrers, which were overruled by the court and exceptions saved. After the court had ruled on the demurrers, the appellant Purple answered the complaint by

general denial, and at the same time filed a cross-complaint against the appellees and his co-appellants.

In his cross-complaint, the said Purple averred that, on the 14th day of September, 1885, the appellants Johnson and Cannan executed to him their promissory note for $351.84, a copy of which was filed with the cross-complaint and as a part of it; that the said note was due and unpaid; that to secure the said note a chattel mortgage was executed by the appellants Johnson and Cannan, a copy of which is likewise filed with the complaint as a part of it; that the appellees afterwards sued out a writ of attachment in this action and caused the sheriff to forcibly dispossess the cross-complainant of said property by virtue of said writ, claiming that it constituted a superior lien on said goods, and they are made parties to answer and show why the said mortgage should not be foreclosed and said property sold to satisfy the said indebtedness due to the cross-complainant. It is also alleged that the said chattel mortgage was duly recorded within ten days after its execution.

The appellees demurred to the cross-complaint and the cross-complainant confessed the demurrer and obtained leave to file an amended cross-complaint, which he did, and which is designated by the clerk as being found beginning with page 10 of the record.

There is some contention by the appellees' counsel as to whether the pleading found at the place referred to in the record is the original or amended cross-complaint. As we have said, the clerk designates it as the amended cross-complaint, but whether it is the one or the other is wholly immaterial; it is evident from all that appears in the record that it is the cross-complaint upon which issue was joined and the case tried.

The appellees answered the cross-complaint in one paragraph, in substance as follows: Johnson and Cannan became indebted to the appellees during the months of May, June, July, August and September, 1885, on account of mer-

chandise sold and delivered, in the sum of $554, and that the said indebtedness is still due and owing from said firm; that at the time the said indebtedness was contracted, Cannan, one of the members of said firm, was indebted in his individual capacity to his co-appellant, Purple, in the sum mentioned in said mortgage, the said indebtedness having been contracted long before the formation of said partnership, and that the appellant Johnson was in no way liable for the payment of said debt; and that on the 9th day of September, 1885, the appellants Johnson and Cannan, without any other consideration except said debt of Cannan, executed and delivered the said note and chattel mortgage to their co-appellant, the said mortgage being given to secure the payment of said note, the goods mortgaged being the firm property of Johnson and Cannan, and the said firm at the time being insolvent; all of which was known to the said appellant Purple.

It is alleged that the mortgaged property was all of the property owned by the said firm, and that it was not of a value greater than the indebtedness it was given to secure ; that the said members of said firm had no individual property subject to execution ; all of which it is alleged was known to the said Purple.

The answer then recites the proceedings in attachment, and asserts that the execution of the writ of attachment gave to the appellees a superior lien on said property to the said mortgage lien.

The appellant Purple filed a demurrer to the said answer, which was overruled by the court and he reserved an exception; he then filed a reply, which is of some length, but in legal effect is but a mere denial.

The cause was afterwards submitted to a jury, and a special verdict returned at the request of the parties. The jury found that the appellants Johnson and Cannan were partners, and had been for some time past, and, as such firm, were largely indebted to the appellees and others; and, being so

indebted, they, on the 14th day of September, 1885, executed the note and mortgage sued on by the cross-complainant, and that the sole consideration for the note was the private indebtedness of the appellant Cannan ; that the mortgage was duly recorded within ten days after its execution, and that there is now due on the note and mortgage $384.12 ; that the mortgaged property was the property of the said firm of Johnson and Cannan, except some book accounts, amounting to about $100, all of which was known to the appellant Purple when he took the said mortgage ; that the said firm was insolvent at the time ; that the mortgaged property was all of the property belonging to said firm, and that these facts were all well known to the said Purple when the mortgage was executed.   It is found that the individual partners were, at the time of the transaction, insolvent ; that on the 14th day of October, 1885, the appellees filed their complaint in this cause, and at the same time filed their affidavit in attachment, obtained a writ of attachment and caused it to be executed upon the mortgaged property, and that the sheriff of DeKalb county now holds said property by virtue of said writ.

It is further found that in the execution of said mortgage and note by his co-appellants to the appellant Purple, there was no fraudulent intent to hinder or delay the partnership creditors of the said firm in the collection of their debts ; that Johnson and Cannan were equal partners, but Cannan had put into the firm $1,372 and Johnson only $861, and because of the difference Cannan insisted that his debt to Purple should be secured, and in consideration of said facts and of an extension of time of payment to Cannan of thirty days, said note and mortgage were given ; that afterwards the mortgagors delivered possession of said mortgaged property to the mortgagee, and thereafter the appellees commenced this proceeding in attachment, and the said sheriff thereby obtained possession of the property and still holds possession of the same.

It is contended in argument by counsel for the appellees that, as the appellants Johnson and Cannan filed no answer to the complaint or affidavit in attachment, as against them both must be taken as confessed. We are not of this opinion. The said appellants appeared to the action and were ruled to answer, and until this rule was withdrawn they were not subject to a default. The most that could have been done would have been to close the rule for want of an answer. This was not done, but the parties went to trial without answers being filed and thereby the appellees waived the filing of an answer by the appellants, and the case must be considered and the questions involved determined as though an answer had been filed. So far as the action was concerned, including the ancillary proceeding, the appellant Purple was in no way affected or harmed, the suit having been dismissed as to him.

The cross-complaint undoubtedly stated a good cause of action. Under our statute of frauds and perjuries the question of fraudulent intent is always a question of fact, and no conveyance or charge will be adjudged fraudulent as against creditors solely on the ground that it was not founded on a valuable consideration. R. S. 1881, section 4924.

The averments in the answers of the appellees to the cross-complaint of the appellant Purple disclose a valuable consideration for the note and mortgage executed to him by his co-appellants, if not a consideration moving to the firm. We are not prepared to say that the facts as found by the jury do not develop a consideration moving to the firm, but upon that question it is not necessary that we express an opinion. The central question presented by the record is, whether or not the members of a partnership, largely indebted and insolvent, may mortgage the firm property to secure an individual indebtedness, if in so doing they act in good faith. The answer to the cross-complaint does not charge a fraudulent intent, and in the verdict of the jury it is expressly found that, in the execution of the mortgage in

question, there was no fraudulent intent to hinder or delay firm creditors in the collection of their debts. The statutory provision to which we have called attention is of itself sufficient to control the decision of the question involved.

The question of fraudulent intent being a question of fact and not of law, its determination will depend upon what shall be decided by the tribunal to which it is submitted, after the evidence is introduced and considered ; and if, after due consideration, the decision is in favor of the *bona fides* of the transaction, then it must be upheld. But the question is not barren of authority. We quote from the opinion of the court, delivered by MITCHELL, J., in the case of *Winslow* v. *Wallace,* 116 Ind. 317 : "It is settled everywhere, that where the assets of a partnership, or the individual property of the members of the firm, are brought under the jurisdiction of a court for judicial administration, the equitable rule of distribution will be applied, and the partnership assets will be devoted first to the payment of the firm debts, and the individual property of the several partners to their individual debts respectively. But where the partnership assets remain under the control of the partners, they have the power to appropriate any portion of it to pay or secure the individual debts of the members of the firm. Thus, in *Fisher* v. *Syfers,* 109 Ind. 514, this court said : ' Where debts are fairly owing by either partner individually, the mere preference of individual over partnership creditors by the execution of a chattel mortgage, in the firm name, or by authority of the partners, upon the property of the firm, is not of itself such a fraud upon the partnership creditors as will authorize the setting aside of the chattel mortgage at the suit of the creditor. *Nat'l Bank, etc.,* v. *Sprague,* 20 N. J. Eq. 13 ; *Kirby* v. *Schoonmaker,* 3 Barb. Ch. 46 ; *Kennedy* v. *Nat'l Union Bank,* 23 Hun, 494; Jones Chat. Mort., section 44 ; *In re Kahley,* 2 Biss., 383.' So in the same decision it is said : ' The rule that obtains in the distribution of the estates of partners, and under which partner-

ship creditors are entitled to priority of payment out of the partnership assets, is an equitable doctrine for the benefit and protection of the partners respectively. "Partnership creditors have no lien upon partnership property; their right to priority of payment out of the firm assets, over the individual creditors, is always worked out through the liens of the partners." *Warren* v. *Farmer*, 100 Ind. 593; *Trentman* v. *Swartzell*, 85 Ind. 443. Upon the death of one partner, or where the firm becomes bankrupt, or where the partnership assets are being administered by a court, the rule of equitable distribution is applicable to its fullest extent. Where, however, the partners have the possession and control of their own property, they have the right to make any honest disposition of it they see fit; each has the right to waive his equitable lien, and together they may sell, assign or mortgage the property of the firm, to pay or secure either an individual debt of one of the partners, or the debts of the firm.' The equity of the creditors is a derivative one, and arises out of the principles of subrogation, entitling them to enforce the equities subsisting between the partners, so long as the right of any of the partners has not been waived. But the partners may waive their rights either in the partnership property or in that owned by them individually. *Dunham* v. *Hanna*, 18 Ind. 270; *Case* v. *Beauregard*, 99 U. S. 119, and cases cited."

We take the following from the opinion of this court, delivered by OLDS, J., in the case of *Goudy* v. *Werbe*, 117 Ind. 154: "The true doctrine is, that the property of the partners is their joint property, and they may sell and dispose of the same in good faith as they deem proper; and as held in the case of *Fisher* v. *Syfers*, 109 Ind. 514, they have the right to prefer creditors, and even may, if all the partners consent to do so, dispose of the property to satisfy the individual debt of one of the partners, which would operate to decrease the assets of the firm and to the detriment of the firm creditors, yet, nevertheless, they have such right to secure or pay the *bona fide* debt of one of the partners."

These cases are decisive of the question under consideration, but we cite the following authorities as bearing upon the question: *Louden* v. *Ball,* 93 Ind. 232 ; *McFadden* v. *Fritz,* 90 Ind. 590 ; *McFadden* v. *Hopkins,* 81 Ind. 459 ; *Morris* v. *Stern,* 80 Ind. 227 ; *Schaeffer* v. *Fithian,* 17 Ind. 463 ; *Kistner* v. *Sindlinger,* 33 Ind. 114.

Upon the facts as found by the jury the court should have rendered judgment for the appellant Purple, upon his cross-complaint, for the amount due on the note therein sued upon, and a decree foreclosing the mortgage.

In the main action the appellees should have had judgment against the appellants Johnson and Cannan for the amount found due them on the account sued on ; and in the ancillary or attachment proceeding judgment should have been rendered against the appellees and for the said appellants Johnson and Cannan.

Judgment reversed, with costs, and with instructions to the court below to render judgment as above indicated.

Filed May 27, 1889.