Nov. Term, 1837.

DEIBLER
v.
BARWICK.

---

DEIBLER and Others *v.* BARWICK, Administrator.

The vendor of real estate retains an equitable lien on the property for the purchase-money, (unless he voluntarily divest himself of it,) against the vendee, and subsequent purchasers with notice.

An agent for the sale of certain real estate sold the same to *N.*, and fraudulently took a note in his own name for the purchase-money. The payee assigned the note to *S.*, and the assignee sued the maker. The maker pleaded infancy and thus defeated the suit. The administrator of *S.* filed a bill in chancery against the original owner of the estate, the agent, and the maker of the note, stating the above facts, averring the insolvency of the assignor, and praying a sale of the estate to satisfy the note. *Held,* that there was no equity in the bill.

ERROR to the *Franklin* Circuit Court.

*Monday,*
*November 27.*

DEWEY, J.—*Barwick,* administrator of the estate of *Swiggett,* exhibited his bill in chancery against *B. S. Noble, G. L. Deibler, M. Deibler,* and *M. E. Deibler.* He states that *M.* and *M. E. Deibler* were seised in fee of certain lots of land; that they appointed, by letters properly executed, *G. L. Deibler* their attorney in fact, with authority to sell and convey the same; that, in pursuance of his power, he did sell them to *Noble* by deed duly executed in the name of his principals, and recorded, for the sum of 185 dollars, for which he fraudulently took *Noble's* notes payable to himself individually; that one of these notes, which was for 65 dollars, he assigned by indorsement in his own name to *Swiggett,* who purchased it as being for a part of the purchase-money for the lots. The bill further states, that at the maturity of the note so purchased, *Swiggett* commenced suit upon it against *Noble* before a justice of the peace; that *Noble* appeared to the action, pleaded infancy in bar, sustained his plea, and obtained judgment in his favour; that he has always refused to pay the money,

and that complainant has no means of enforcing payment from him; that the money could not, at any period after the failure of the suit against *Noble*, be recovered of *G. L. Deibler* in consequence of his notorious insolvency, and absence from the state; and that all and each of the defendants refuse to pay the note. The prayer of the bill is, that the lots of land, or a part of them, be sold to satisfy the note assigned to *Swiggett*.

*Noble* answered. He admits the bill to be true; states that he was an infant when he bought the property, and that immediately upon attaining full age he "surrendered his purchase;" that when sued on the note he avoided payment by the defence of infancy, and disclaims all interest in the suit. The bill was taken as confessed against the other defendants. The Court decreed, on final hearing, that there was due to the complainant a certain sum, being the amount of principle and interest of the note, and that *G. L. Deibler, M. Deibler*, and *M. E. Deibler* pay the same with costs of suit, into the clerk's office within 30 days, or that in default thereof, the lots of land or a part of them be sold for the satisfaction of the debt and costs. A commissioner was appointed to carry the decree into effect.

We know of no principle upon which this decree can be sustained. It is true, that the vendor of real estate sold on a credit retains an equitable lien on the property for the purchase-money, (unless he voluntarily divest himself of it,) against his vendee and all subsequent purchasers with notice. But it is difficult to conceive how this principle can benefit the plaintiff in error under the facts stated in the bill. Admitting that the extinguishment, by the defence of infancy, of the debt against *Noble* due by the note which *Swiggett* purchased of *G. L. Deibler*, did not in any degree affect the lien which the real vendors held on the land for the purchase-money; and admitting also, that the assignment of a debt which is an equitable lien upon land, passes the lien as well as the debt to the assignee, (points with regard to which we give no opinion,) still there is no pretence for saying that *Swiggett* acquired such a lien by his purchase of the note, under the circumstances of this case. The bill alleges that the attorney had power to sell and convey the land, but does not claim that he was authorised to take notes for the purchase-money in his own name, and then to assign them. The debt and lien consequent upon the sale belonged to the vendors, *M.* and *M. E.*

*Diebler.* The unauthorised, and, as the bill charges, fraudulent acts of the agent in taking the notes in his own name, and afterwards selling one of them, without the authority or sanction of his principals, could not divest them of any right whatever. They could, at any time before the assignment to *Swiggett*, have compelled *G. L. Deibler* to assign the note to them; and it is probable that it is in their power yet, should they choose to do so, to compel the complainant to do the same, as he admits that *Swiggett* purchased it, with knowledge of the fraud in the manner of taking the note, and that he participated in the further fraud by the unauthorised sale of it.

But however this may be, the only right which *Swiggett* could acquire by the purchase of the note, was, in the first instance, the legal remedy against *Noble* by suit on it, and on failure of that, either through the invalidity of the note, or the insolvency of the maker, a recourse upon his assignor, *G. L. Deibler.* There is not the slightest pretence, that any privity of contract between the intestate and *M.* and *M. E. Deibler* existed; that they have expressly, or impliedly, rendered themselves liable to him or his representative in any manner whatever; or that they conveyed or authorised to be conveyed to him their lien upon the land as the vendors. If by the expression in his answer, that he had "surrendered his purchase," *Noble* meant that he had re-conveyed the land to them, they have but got their own. If it has not been re-conveyed, and any remedy for the purchase-money yet exists against it, that remedy is theirs.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with directions to the Circuit Court to dismiss the bill, &c.

*J. Ryman*, for the plaintiffs.

*G. H. Dunn*, for the defendant.