May Term, 1840.

DOE
v.
SWIGGETT.

---

DOE, on the Demise of NOBLE and Others, *v.* SWIGGETT.

A bill in chancery was filed in the Circuit Court to enforce an equitable lien on real estate for a part of the purchase-money; and the complainant obtained a decree, under which the estate was sold. The decree was afterwards reversed by the Supreme Court. *Held*, that the sale being made before the reversal was valid.

Tuesday, June 2.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action of ejectment for certain lots in *Brookville*, on the several demises of *B. S. Noble*, *G. L. Deibler*, and others. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the defendant.

The administrator of *Thomas Swiggett* had previously filed a bill in chancery against the lessors of the plaintiff, for a sale of the lots, and obtained a decree. *James Swiggett*, the defendant in the present suit, is a purchaser under that decree.

The decree, subsequently to the sale, was reversed by this Court.

The plaintiff in this suit contends, that the Court which rendered the decree, under which the defendant claims, had no jurisdiction of the cause.

The facts upon which that decree was founded, are stated in the opinion of the Supreme Court reversing the decree. *Deibler et al.* v. *Barwick*, 4 Blackf. 339.

The note described in the bill in that cause, had been given

in part payment of the lots in question, and had been assigned <span style="float:right">May Term, 1840.</span> to the complainant's intestate. The bill was filed to enforce a supposed equitable lien on the lots for that part of the purchase-money for which the note was given. Whether such a lien existed, was the only question in that cause; and of that question, the Circuit Court, as a Court of chancery, had jurisdiction. The Circuit Court decided the question in the affirmative, and the lots were sold under its decree.

We reversed the decree, not on the ground that the Court below had no jurisdiction of the subject-matter, but because the facts set out in the bill did not show the existence of the equitable lien, upon which the prayer for relief was founded.

The decree was erroneous but not void; and the sale under it, made before the reversal, was therefore valid. *Manning's* Case, 8 Coke's R. 187.—Rev. Code, 1831, p. 245.—Rev. Stat. 1838, p. 285 (1).

*Per Curiam.*—The judgment is affirmed at the costs of the relators.

*J. Ryman,* for the plaintiff.

*J. M. Johnston,* for the defendant.

(1) Where mortgaged premises have been sold on a decree of foreclosure and sale, the defendant not having appealed, and the decree is afterwards reversed on appeal, the reversal does not affect the purchaser's title. *Whiting* v. *The Bank of the U. States,* 13 Peters, 6.