*Nov. Term, 1854.*

MATLOCK
v.
MATLOCK.

---

## MATLOCK *v.* MATLOCK.

Real estate acquired with partnership funds, for partnership purposes, is considered as partnership property, and first applied to the satisfaction of the partnership debts.

The widow of a deceased partner is not entitled to dower in such real estate, under the R. S. 1843, until the debts of the partnership are satisfied.

Section 80, p. 427, and s. 84, p. 428, of the R. S. 1843, enlarged the estate in which a widow was to be endowed, but were otherwise merely declaratory of the common law.

Nov. Term,
1854.
———
MATLOCK
v.
MATLOCK.

Friday,
December 1.

Courts of Equity regard a partner's real interest in the firm to be his share of the surplus after the debts of the firm are paid and a final balance ascertained; and allow each partner a lien on the funds for his share of the surplus, as well as for his indemnity against the joint debts.

APPEAL from the *Hendricks* Court of Common Pleas.

HOVEY, J.—*Nancy Matlock*, the widow of *William L. Matlock*, filed her petition for dower in the Court of Common Pleas of *Hendricks* county, making the heirs at law of said *William* parties. The petition particularly describes the land, and avers that said *William* departed this life, on the 28th day of *December*, 1851, seized in fee simple of the same. At the *January* term, 1854, the heirs, being infants, appeared by their guardians, and answered the petition, and *Jesse T. Matlock*, the administrator and late partner of said *William*, appeared in Court, and asked to be made defendant to the petition. He was admitted, and filed his answer, which was sworn to.

In the first paragraph, he sets up a partnership between himself and *William*, in buying and selling goods and merchandise, and in buying, selling and breeding horses, mules, cattle, hogs, &c., which he avers commenced in 1831, and continued until the death of said *William*, under the name and style of *William L. Matlock & Co.;* that the lands in the petition were purchased by them as a part of the stock of the partnership, and were used and occupied by them in carrying on the partnership business, each having an equal interest therein, although the deeds for the same were made to said *William* individually, so that the land might be more easily conveyed, should they desire to sell; that at the time of *William's* death, the firm was largely indebted, and that 13,000 dollars of said debts remain unpaid, which can only be satisfied by the sale of said lands, &c.

The second paragraph sets up mortgages on the lands in the petition to the amount of 3,300 dollars, which he alleges ought to be paid out of the proceeds of said lands, before the assignment of dower, as the widow joined her husband in executing the same.

The third paragraph avers that the lands were purchased

with partnership funds, and that he and said *William* had an equal interest therein; that the partnership business has not been settled; that the firm is largely indebted; that his own claims as partner have never been adjusted, and that he has obtained an order of Court to sell said lands, to pay the partnership debts; and until such payment shall be made, he prays that the widow may be enjoined from the further prosecution of her petition.

The petitioner demurred to the paragraphs, "because the facts stated were not sufficient to constitute a defence to the petition." The demurrers were overruled, and thereupon the petitioner replied to each paragraph. The replications to the first and third state that her husband, said *William*, departed this life on the 29th day of *December*, 1851, seized in fee simple of said land, and that said *Jesse* had no legal interest therein.

The replication to the third paragraph, charges that said mortgages are fraudulent, &c.

Upon these pleadings, the Court made a restraining order, staying all further proceedings as to the assignment of dower, until further order, upon *Jesse T. Matlock's* filing bond, in the sum of 2,000 dollars, &c. The bond was filed, and the petitioner appealed to this Court.

Under the rules of this Court, we have the right to consider "points not made in some of the briefs by counsel as waived;" and as the only question discussed is, whether the widow is entitled to dower, in partnership lands, under the R. S. 1843, to the exclusion of the rights of creditors of the firm, we do not wish to be understood as intimating any opinion as to any other point in the record.

By the common law, the widow was entitled to dower of all the lands and tenements of which her husband was seized in fee simple, or fee tail, at any time during the coverture; and of which any issue she might have had might by possibility have been heir. 2 Black. Comm. 131. The R. S. 1843, in some respects, change the nature of the estate. They provide that—

"The widow, subject to the provisions and restrictions of law, shall be endowed of one full and equal third part

Nov. Term,
1854.

MATLOCK
v.
MATLOCK.
—

of all the lands the legal title to which was in her husband, or in any person to and for his use and benefit, at any time during the coverture, and also of any lands in which, or in any part of which, her husband had an equitable interest at the time of his death, unless her right to dower in any such lands has been legally barred." Sec. 80, p. 428.

" The widow shall not be endowed of any estate or interest which the husband may have in any trust estate, unless the husband shall have had a beneficial interest therein; in which case she shall be endowed in proportion to the extent of estate or interest, if such estate or interest might go to his heirs." Sec. 84, p. 428.

It will be observed that these sections enlarge the estate in which the widow is to be endowed, and that in all other respects, they are merely declaratory of the common law.

Upon the death of a tenant in common, his heirs and widow, by the common law, succeeded to his estate, and the earlier cases in the *English* Courts of Equity, following the legal rule, made no exception of partnership lands, and allowed the widow dower notwithstanding the debts of the firm remained unpaid. See *Smith* v. *Smith*, 5 Vesey 189.—*Bell* v. *Phyn*, 7 Vesey 453, and notes. But the doctrine is now well settled in the *English* Courts, that real estate acquired with partnership funds, for partnership purposes, must be considered as partnership property, and first applied to the satisfaction of the partnership debts. *Thornton* v. *Dixon*, 3 Brown C. C., Am. Ed. 1844, p. 200, note (a).—*Ferreday* v. *Wightwick*, 1 Russ. & Mylne 45.—*Phillips* v. *Phillips*, 1 Mylne & Keen 649.—*Broom* v. *Broom*, 3 *id.* 443.

A large number of *American* cases have been decided in conformity with the rule above laid down, and it may now be said, with the exception of one or two states, to be in conformity with the *American* authorities. The cases of *Dyer* v. *Clark*, 5 Metcalf 562, *Howard* and others v. *Priest* and another, *5 id.* 582, *Burnside* v. *Merrick*, 4 *id.* 537, *Pierce* v. *Trigg*, 10 Leigh 106, Gow on Part., c. 5, s. 3, Collier on Partnership 65, 2 Story Eq. s. 674, 3 Kent Comm. 37 to 39 and notes, and authorities there cited, all regard

real estate so purchased, subject to the payment of part-
nership debts, to the exclusion of dower. The pleadings
show that the lands in controversy were purchased with
partnership funds, for the use of the firm, and that their
sale is necessary to discharge the debts of the firm. Under
these facts, the widow is not entitled to dower until the
partnership claims are satisfied. It has frequently been
decided, that the widow is not entitled to dower as against
the vendor, for the purchase-money, and this, whether the
legal estate vests in the husband during his lifetime or not.
On similar principles, Courts of Equity regard a partner's
real interest in the firm to be his share of the surplus after
the debts of the firm are paid and a final balance ascer-
tained; and allow each partner a lien on the funds for his
share of the surplus, as well as for his indemnity against
the joint debts. *Allen* v. *Wells*, 22 Pick. 450.—2 Story's
Eq., s. 1243.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the appellants.

*J. M. Gregg*, *H. C. Newcomb*, and *J. S. Harvey*, for the
appellee.