*Dunham & Heffren,* for the appellant.

------◆◆------

## DUNHAM and Others *v.* HANNA and Others.

The rule that partnership assets are to be applied to the payment of partnership debts, before the creditors of one of the partners can derive any benefit from them, arises out of the equities subsisting between the partners, and not from any preference given to the joint creditors.

As soon therefore as these equities cease to exist, from any cause, the preferred lien of the joint creditors would also cease to exist.

Dunham and Others *v.* Hanna and Others.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—In the Spring of 1857, *Burr* and *Nicklin* became partners in the grocery business. On the 28th of *October* following, *Nicklin* sold out his interest in the firm to his co-partner, *Burr,* and retired, leaving *Burr* in the prosecution of the business on his own account. Such the jury found the facts to be, and the evidence tends to justify the finding. While thus prosecuting the business, *Burr,* at three several times, made additions to the stock by purchases on his own account.

About six weeks after *Burr* had become the individual owner of the stock in trade, an execution was levied upon the entire amount of it then in his possession, including his individual purchases, in favor of *Hugh Hanna,* which execution was upon a judgment in favor of *Hanna* against *Burr,* for an individual debt of the latter.

The creditors of the firm of *Burr* and *Nicklin* then proceeded to obtain judgment against the latter upon their claims; and, having done so, prayed that the property levied on by virtue of the execution in favor of *Hanna,* should be made subject first to the payment of the partnership debts. They were defeated below; and that judgment must be affirmed.

"The rule that partnership assets are to be applied to the payment of partnership debts before the creditors of one of the partners can derive any benefit from them, arises from the equities subsisting between the partners, and not from any preference given to the joint creditors;" "and, hence, it would seem to follow that if the partnership equity, as between the individual partners, was, from any cause, to cease, the preferred lien of the joint creditors would also expire; and this we find to be the fact, for where one partner, there being two, sells his interest to the other, the lien of the joint creditors is gone." Williams on Personal Prop., 2d Am.

ed., p. 336, in note; Story on Partnership, sec. 358 *et seq.* See *Frank* v. *Peters*, 9 Ind. 343; *McTaggart* v. *Rose*, 14 *id.* 230.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. Z. Stewart*, *O. Blake* and *John W. Washburne*, for the appellants.

*D. D. Pratt*, *D. P. Baldwin* and *J. D. Conner*, for the appellees.