*B. W. Wilson,* for appellees.

———————◦———————

## SMITH *v.* EVANS ET AL.

PARTNERSHIP.—*Mortgagee's Right to Sell Interest of Partner.—Right of Partners to Subject Partnership Property to Debts.*—The interest of a partner in a firm consists of his proportion of whatever balance may ultimately be left after the payment of the partnership debts and settlement of accounts between the partners, and either partner may mortgage such interest in the partnership property, and the mortgagee may sell the same on foreclosure, and the other partners cannot resist such sale on the ground that the partnership debts exceed the partnership property. The mortgagee is entitled to have the ultimate interest of the mortgagor in the property sold, and the purchaser takes that interest. The sale does not affect the right of the other partners to insist upon the application of the joint property to the payment of the firm debts and to the payment of any balance due them.

APPEAL from the Howard Common Pleas.

DOWNEY, J.—The appellant sued Nathan Sohl and his wife, Catharine Bockman, guardian of Frank Gerstner, an infant, Walter N. Evans, and John F. McClellan, alleging in his complaint that Sohl and wife executed a mortgage to him of certain real estate as security for the payment of the purchase-money due therefor, evidenced by a promissory note, a copy of each of which was filed with the complaint, and alleging, further, that by mistake the mortgage embraced the whole, when it should have embraced only the undivided one-third thereof; that said other defendants claim

an interest in the mortgaged premises.   He asked for a correction of the mistake in the mortgage, and for its foreclosure, etc.

At the first appearance of the parties in court, the plaintiff dismissed the action as to Catharine Bockman, Walter N. Evans, and John F. McClellan, but on their motion, Evans and McClellan were again made parties to the action. Sohl and wife made default, and judgment was rendered for the amount due the plaintiff, and for the sale of the mortgaged premises, subject to any interest of Evans and McClellan therein.

At this point, McClellan filed a paper, stating that he had sold his interest in the mortgaged premises to James L. Evans; and he went out of the case, and James L. Evans came in as the successor to his interest in the controversy.

For an answer and cross complaint, Walter N. Evans and James L. Evans alleged against Smith and Sohl and wife that on the 22d day of February, 1868, Walter N. Evans purchased all the property described in the complaint at a judicial sale, made by James L. Evans, as a commissioner of the Hamilton Common Pleas, for eleven thousand two hundred dollars, subject to liens thereon amounting to eight thousand five hundred dollars, making nineteen thousand seven hundred dollars, and received a certificate for a deed if the sale should be approved by the court; that the said eleven thousand two hundred dollars was found by the court to be due to A. J. and L. Sohl and William Spotts, one-half to Spotts and the other to A. J. and L. Sohl. But the defendants allege the truth to be that one-half of said eleven thousand two hundred dollars, ordered to be paid as aforesaid to said A. J. and L. Sohl, was in reality due to, and was the property of, the said Nathan Sohl; that within less than one week after said Walter N. Evans became the owner of said property as aforesaid, he sold the same to the firm of Walter N. Evans, Nathan Sohl, and William Spotts for the same sum which he agreed to pay for the same at said commissioner's sale; and the said firm agreed to take said prop-

erty and pay said eleven thousand two hundred dollars and the eight thousand five hundred dollars, liens thereon; and, accordingly, Walter N. Evans assigned to Sohl and Spotts each one-third interest in the certificate of purchase; that the said firm of Evans, Sohl, and Spott was formed on the 24th day of February, 1868, as merchants and millers; that they purchased said property as a place at which to carry on their business; that while it is true, as above stated, that said sum of eleven thousand two hundred dollars was to be paid to said Sohl and Spotts, yet they owed the whole thereof to the estate of one Hugh Smith, deceased, and in order to facilitate the business, said Sohl and Spotts receipted to said commissioner for said eleven thousand two hundred dollars in consideration of the said firm assuming the sum of eleven thousand two hundred dollars, which they owed to the estate of Smith, which sum, when paid, was to be a payment on the purchase-money, which it was agreed should be paid for said property; that the mortgage mentioned in the complaint was made to secure the individual debt of said Nathan Sohl; that the firm of Evans, Sohl, and Spotts sustained large losses, and was indebted on the 15th of October, 1868, thirty-five thousand dollars, twenty thousand dollars for the original purchase-money, and fifteen thousand dollars for debts contracted in carrying on the said business, which was over ten thousand dollars in excess of the whole partnership property; that on that day the firm was dissolved by the withdrawal of Spotts, upon an agreement that said Evans and Sohl should pay all the partnership debts in consideration of the purchase by them of the partnership property, the debts which they assumed to pay being the debt to Smith's estate, thirteen thousand dollars, a debt to A. J. and L. Sohl, three thousand one hundred dollars, and a debt to Wild of four thousand two hundred dollars, these being the debts for the purchase-money, and other debts amounting to six thousand dollars; that Evans and Sohl continued the business, without paying any of said debts, until the 23d day of November, 1868, when they formed a new partner-

ship, by taking in as a member of the firm John F. McClellan, the new firm assuming to pay the said debts; that this firm continued until the 19th day of February, 1869, when Sohl withdrew, on the agreement that Evans and McClellan should have the property and pay the debts. It is further alleged that Nathan Sohl never paid any of the original purchase-money, nor did he furnish any means to carry on the business, but had no means, and was and now is insolvent; that at no time after Sohl became a partner was the partnership property worth as much as the debts, but, on the contrary, it was worth less, and the plaintiff, when he took said mortgage, well knew that said debts were unpaid; that Sohl never had any valuable interest in said property; that the statement in the mortgage that it was given for purchase-money is untrue; that the said debts were primary liens on said partnership property, and it should be held to pay them in preference to the individual debt of said Nathan Sohl, named in the complaint. They further allege that they have paid of said original debts twenty-five thousand dollars since the retirement of said Nathan Sohl, leaving yet unpaid ten thousand dollars.

The prayer is, that the court will order, first, that an account be taken of the partnership business at the time when the first firm, that of Evans, Sohl, and Spotts, was dissolved, finding the value of the partnership property and the amount of the indebtedness of the said firm at that time; and in the event that the allegation above be found true, that the amount of the said debts was in excess of the value of the property, that the property be declared to be holden liable for the payment of the said partnership debts, and that the said Nathan Sohl had no interest in the said mortgaged premises which he could mortgage, or at least that the said property is not liable to the plaintiff's mortgage; second, that a like account be taken of the condition of the said firm of Evans, Sohl, and McClellan at the time when said Nathan Sohl finally withdrew from all connection with

the said property; and if it be found true, as above alleged, that the said debts were still unpaid, and that the amount of the same was in excess of the value of the property, that the said property be declared not liable to be sold upon the mortgage mentioned in the complaint; third, that the said plaintiff and all persons claiming under and through him be forever enjoined from foreclosing the said mortgage upon the said property; fourth, that the title of the defendants to the said property be quieted, and that such other and further relief as is agreeable to equity and good conscience be granted to these defendants. After a motion to strike out parts of this cross complaint, which was only partially successful, there was a demurrer thereto by the plaintiff in the original complaint, for the reason, among others, that it did not state facts sufficient to constitute a cause of action; which was overruled by the court, and there was an exception taken. There was then an answer to the cross complaint, reply thereto, trial by jury, verdict for the defendants, motion for a new trial made and overruled, and judgment as follows: It is therefore considered by the court that the defendants, who are cross complainants herein, recover of the plaintiff, William Q. Smith, all their costs and charges herein paid, laid out, and expended, taxed at —— dollars and —— cents. It is further considered by the court that the said cross complainants are entitled to the relief prayed for in their said cross complaint, and that the note and mortgage mentioned in the plaintiff's complaint constitute no lien or incumbrance of any kind or character whatever against the property described in the said mortgage; that said property be forever freed from the said mortgage and from the debt which it was given to secure; and that the plaintiff, William Q. Smith, and any and all persons claiming under him, be forever restrained and enjoined from hereafter disturbing or attempting to disturb or encumber the title of said defendants to said real estate, by virtue of said note and mortgage. It is further ordered, adjudged, and decreed by the court that the debt attempted to be secured by said mortgage is the indi-

vidual debt of said Nathan Sohl, and that the said Nathan Sohl never had any interest in said partnership property over and above the debts, mortgages, and unpaid purchase-money owing upon and for the same, which he could mortgage for the security of his said note to the plaintiff; and that the note in suit was not given for unpaid purchase-money for said real estate. It is therefore further ordered, adjudged, and decreed by the court, that the judgment of foreclosure on said Sohl's interest in said premises heretofore taken in favor of the plaintiff and against the said Nathan Sohl, upon the default of said Sohl, at a regular session of this court in Hamilton county, Indiana, be perpetually restrained and enjoined from being proceeded upon against the real estate in question by said plaintiff therein, or any subsequent assignee thereof, or by the heirs or legal representative of any of them. To all of which the plaintiff objected and excepted, etc.

Several errors are assigned, but we shall consider only one of them; that is, that the court improperly overruled the demurrer to the cross complaint.

The mortgage executed by Sohl, according to the allegations of the cross complaint, was given to secure his individual debt to Smith. The court adjudged a foreclosure of the mortgage, in this action, and a sale of the mortgaged premises, subject to any interest of Evans and McClellan. A sale made under this judgment would confer upon the purchaser whatever interest Sohl had in the property at the time when the mortgage was executed. That interest consisted not of one-third of the partnership property, but of one-third of whatever might be the ultimate balance after payment of the partnership debts and the settlement of the accounts between the partners. This interest, we think, Smith, the mortgagee, had a right to sell. We do not think that it is competent for the owners of the property to set up the existence of partnership debts, which they allege to be equal to, or greater in amount, than the partnership property, and, on this ground, claim that the property shall not be sold.

The interest of a partner may be sold on execution for his individual debt; and, we think, upon mortgage by him also.

On a dissolution, each partner has the right to insist upon a sale of the partnership property, as the proper mode of ascertaining its value; and one or more of them cannot, in the absence of an agreement to that effect, retain the property at a valuation. Lindley Partnership, 1023, *et seq.;* Story Partnership, sec. 207.

One succeeding to the interest of a partner in the concern, by purchase or assignment from him, or by sale on execution against him, or on a mortgage of his share (any one of which operates as a dissolution of the partnership), has the right to insist upon an account and sale. Lindley Partnership, 957; 1 Story Eq. Jur., sec. 677.

When the mortgage in question was executed by Sohl to Smith, May 20th, 1868, Walter N. Evans, Nathan Sohl, and William Spotts were the members of the firm then existing. On the 15th of October, 1868, this firm was dissolved, as shown by the cross complaint. It is not easy to see how the rights of Smith, under his mortgage, could be affected by the formation of the various new firms which were afterward constituted, or by their subsequent management of the property in which he had thus become interested.

We are quite clear that Smith had a right to foreclose his mortgage, and sell whatever ultimate interest of Sohl he acquired by virtue of the mortgage, notwithstanding the existence of partnership debts. A sale under the judgment, as entered, will not affect the right of his co-partners, if any they have, to insist upon the application of the joint property to the payment of the firm debts, and to the payment of any balance due to them.

As bearing more or less directly upon this question, we refer to the following additional authorities: *Taylor* v. *Fields,* 4 Ves. 396, and n. 1 ; *Conwell* v. *Sandidge's Adm'r,* 8 Dana, Ky. 273; *Hodges* v. *Holeman,* 1 Dana, Ky. 50; *Wilson* v. *Bowden,* 8 Rich. 9; *Horton's Appeal,* 13 Pa. St. 67; *Murray* v. *Murray,* 5 Johns. Ch. 60; *Mathewson* v. *Clarke,* 6 How. U. S.

522; *Reece* v. *Hoyt,* 4 Ind. 169; *Olleman* v. *Reagan's Adm'r,* 28. Ind. 109; *Matlock* v. *Matlock,* 5 Ind. 403; *Holland* v. *Fuller,* 13 Ind. 195; *Schæffer* v. *Fithian,* 17 Ind. 463; *Dunham* v. *Hanna,* 18 Ind. 270.

The cross complaint in this case is not adapted to a settlement of the affairs of the firm, which was dissolved the 15th of October, 1868, and cannot be sustained as a complaint for that purpose. Whether the facts alleged in the pleadings, and adduced in evidence, show that the debt due to Smith was or was not an individual debt of Sohl, we do not decide. Nor do we decide anything with reference to the question of estoppel, presented by the pleadings.

The court should have sustained, instead of overruling, the demurrer to the cross complaint.

The judgment is reversed, with costs; and the cause is remanded.

*D. Moss,* for appellant.

*C. A. Ray, J. M. Davidson,* and *G. H. Voss,* for appellees.