Conant *v.* Frary *et al.*

---

## CONANT *v.* FRARY ET AL.

MORTGAGE.—*Partnership Property Mortgaged by One Partner for Individual Debt.—Cross Complaint.*—In a suit to foreclose a mortgage on partnership real estate, made by one partner to secure his individual debt, creditors of the firm may be admitted as parties, and may file their cross complaint to subject the mortgaged real estate to the payment of the partnership debts, before payment of the mortgage debt; and they may do this whether the firm debts were contracted before or after the execution of the mortgage.

SAME.—Where real estate held by the members of a partnership as partnership property is mortgaged by one of the partners to secure his individual debt, the mortgagee only acquires a lien upon what may be the share of the mortgagor after settlement of the partnership accounts and the payment of all partnership debts.

SAME.—The creditors of an insolvent partnership are entitled to have the partnership assets applied in satisfaction of their debts, in preference to the creditors of the individual partners, and this without regard to whether the partnership debts were contracted before or after the individual debts.

From the Kosciusko Common Pleas.

*E. Haymond* and *W. S. Marshall*, for appellant.

*H. S. Briggs* and *C. Clemans*, for appellees.

WORDEN, J.—The appellant filed his complaint in the court below against Franklin G. Frary and his wife, to foreclose two mortgages executed by them to one Justus Frary, and assigned by the latter to Conant, on the undivided half of certain real estate therein described. The mortgages were executed to secure the payment of certain promissory notes given by Franklin G. to Justus Frary, and endorsed by the latter to Conant. One of the mortgages bore date November 5th, 1866, and the other February 5th, 1868.

Franklin G. and his wife made default; but J. William Jones and others, appellees herein, on their application, were made parties, and filed what was called an answer, which, from its character, we think may be regarded as a cross complaint. It is alleged, in substance, that the property mortgaged was partnership property, belonging, at the time of the execution of the mortgages, to the partnership firm of Frary & Murrays, consisting of said Franklin G. Frary, Michael Murray, and William Murray; that the cross complainants were creditors of said firm, but when their respective debts accrued, whether before or after the execution of the mortgages, is not directly stated. It alleges that the business of the firm, woolen goods manufacturing, was carried on by the firm upon the mortgaged premises until March 20th, 1871, and in the meantime partnership debts were contracted; that Frary, the mortgagor, and the Murrays are insolvent, and that there is no other property out of which any part of the partnership debts can be realized; that the mortgages were executed to secure the payment of the private and individual debts of said Franklin G. Frary, and that they were made without the knowledge or consent of the Murrays. The cross complainants prayed for the appointment of a receiver, that the whole of the property be sold, and that they have priority in the payment of their debts over the plaintiff as the holder of the mortgage.

Conant demurred to the cross complaint for want of sufficient facts, but the demurrer was overruled, and exception

taken. Further pleadings were filed, but as no point is made upon them in the brief of counsel for the appellant, they need not be specially noticed.

The cause, upon the issues made up, was tried by the court, who found for the cross complainants. The appellants moved for a new trial, but the motion was denied. Exception.

Judgment was rendered to the effect that the plaintiff, Conant, recover from Franklin G. Frary the amount due on the notes; that a receiver, who was appointed by the court, sell the whole of the property, and that out of the proceeds the costs be first paid, and secondly the partnership debts, and that one-half of the residue, if any, be paid to the appellant on said judgment against said Franklin G. Frary. There was no objection below, either to the form or substance of the judgment as rendered.

We proceed to consider the grounds upon which it is claimed, in the brief of counsel for the appellant, that the judgment should be reversed.

It is claimed by the appellant that the court erred in permitting the cross complainants to be made parties. It is argued that, as they were not necessary parties to the original action as defendants, they could not make themselves such over the objection of the plaintiff. We do not regard the cross complainants as defendants to the original action, but as plaintiffs in the cross action. Their cross complaint is called an answer, but it sets up new facts, not in bar of the original complaint, but as ground for relief, and contains a proper prayer for relief. It has all the essentials of a cross complaint, and should be regarded as such. *Campbell* v. *Routt*, 42 Ind. 410. We think it was entirely proper to permit the cross complainants to file their cross complaint. It is urged that, as all the proper parties to the cross complaint were not before the court, viz., the alleged partners, the court could not settle the questions arising thereon. This objection was not made by the demurrer, or in any other manner in the court below. It cannot be made successfully, for the first time, in this court.

We come now to the principal point on which it is claimed

that error was committed. It is not shown in the cross complaint, or otherwise, that the debts due from the firm to the several cross complainants existed at the time of the execution of the mortgages. The inference, we think, is that most of the debts accrued after the execution of the first mortgage, and probably some of them after the execution of the second. And it is insisted by the appellant that the creditors of the firm, whose debts did not exist at the time the mortgages were executed respectively, cannot have preference or priority over the mortgage thus given, when the particular debts had not been contracted; in other words, that the mortgagee acquired a lien on the property, which he could enforce to the exclusion of partnership creditors, becoming such after the mortgages respectively were executed.

It is clear that Franklin G. Frary, to secure his individual debt, could mortgage the partnership property only to the extent of his interest therein. "No partner has an exclusive right to any part of the joint stock, until a balance of accounts has been struck between him and his co-partners, and the amount of his interest accurately ascertained. The interest of each partner in the partnership property is his share in the surplus, after the partnership accounts are settled and all just claims satisfied." 3 Kent Com. 37. See, also, *Menagh* v. *Whitwell*, 52 N. Y. 146; *Smith* v. *Evans*, 37 Ind. 526.

From this principle it would seem to follow that the lien acquired by the mortgagee was only a lien upon what might be the share of Franklin G. Frary after the settlement of the partnership accounts and the payment of all partnership debts. Then, it is a well established general principle of equity, that the creditors of an insolvent partnership are entitled to have the partnership assets applied in satisfaction of their debts, in preference to the creditors of the individual partners. We need not stop to inquire whether this equitable right of the partnership creditors is to be worked out through the equities of the partners or otherwise. The principle is thoroughly established. *Menagh* v. *Whitwell, supra; Washburn* v. *Bank of Bellows Falls,* 19 Ver. 278; *Lovejoy* v. *Bowers,* 11 N.

H. 404; 1 Tudor Lead. Cas. 552; *Matlock* v. *Matlock*, 5 Ind.. 403; *Weyer* v. *Thornburgh*, 15 Ind. 124.

It would seem to follow from the proposition, that the mortgagee acquired no lien except upon the share that might be due to the mortgagor after the settlement of partnership accounts and the payment of the partnership debts, that the partnership debts must all be paid before such share can be ascertained and determined, and hence, that debts accruing after the execution of the mortgages must be first paid, as well as those which accrued before the mortgages were given.

No case has been cited by counsel, and in our own researches we have found none, which holds that debts thus subsequently contracted stand upon ground in anywise different from that. occupied by previous ones.

The case of *Lovejoy* v. *Bowers, supra,* holds that there is no such distinction. There, a partner had executed a mortgage, to secure his own indebtedness, on the partnership effects. The mortgagee had permitted the property to be used in the partnership business, as in this case, after the execution of the mortgage. Partnership debts were contracted both before and after the execution of the mortgage, and the question arose whether these creditors were entitled to priority of payment out of the partnership effects. Counsel urged, as in this case, that the subsequent creditors were not entitled to such priority. But the court said: " The distinction between prior and subsequent creditors, taken in the argument, cannot be supported." The court added: " Considered as a mortgage of the interest of one partner in the partnership property, and admitting that such mortgage might be valid as between the parties, the mortgagee having permitted the mortgagor to continue the business, could only be entitled to such surplus as might remain after the payment of the partnership debts,. whether contracted before or after the execution of the mortgage. He could stand in no better situation than the mortgagor in this respect."

From these considerations we are of opinion that the cross. complainants, as creditors of the firm, are entitled to priority

·of payment, whether their claims accrued before or after the execution of the mortgages in question.

What we have said disposes of all the grounds upon which a reversal is claimed. We find no error in the record.

The judgment below is affirmed, with costs.