## THE MERIDIAN NATIONAL BANK ET AL. *v.* BRANDT.

PARTNERSHIP.—*Partnership Debts and Assets.*—If two partners buy real estate, and, while indebted for a part of the purchase-money, they sell it and receive promissory notes in payment therefor, which are in possession of one of the partners; as between themselves and against all persons with notice, they have a right to have the proceeds of the notes applied in discharge of the vendor's lien for the debt due from them as partners until it is paid; and the interest of one of the partners in the notes, as between him and the other and against all persons with notice, is whatever share of the proceeds remains to him after the final settlement of the partnership debts.

From the Marion Superior Court.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellants.

*W. Morrow, N. Trusler* and *J. A. Henry,* for appellee.

BIDDLE, C. J.—The only question reserved in this case arises upon the conclusions of law applicable to the facts found on a trial by the court, as follows:

1. That about the 18th day of November, 1872, the plaintiff (John B. Brandt) and the defendant Clement A. Greenleaf, for the purpose of speculation, bought of certain heirs, known as the Brown heirs, certain real estate in Marion county, as described in the complaint, for the price and sum of ten thousand eight hundred and nineteen dollars and twenty-six cents. The agreement between the plaintiff and Greenleaf was, that they would buy the said real estate, and each pay equally the costs and expenses of said purchase, the said real estate to be sold, and each to share equally the profits, if any were realized; that on purchasing said real estate they made sundry notes to said Brown heirs, as set out in the complaint, amounting in all to eight thousand eight hundred and ninety-two dollars and twenty-six cents, with interest from the date of said notes; that afterwards, on the 14th day of December, 1872, the plaintiff and Greenleaf sold said real estate to John Sedgwick for the price and sum of fourteen thousand five hundred and seventy-five dollars, for which they received payment in cash one-half, or the sum of seven thousand two hundred and eighty-seven dollars and fifty cents, and for the other half the said Sedgwick made his two several promissory notes, each for the sum of three thousand six hundred and forty-three dollars and seventy-five cents, one due in two years from date, and the other due in three years from date; each of which notes was dated on the 14th day of December, 1872, and payable to Clement A. Greenleaf and John B. Brandt, at the First National Bank of Indianapolis, Indiana.

2. That said notes, after having been executed by said

Sedgwick, were placed in the possession of Clement A. Green-leaf, the proceeds of which were to be applied to the pay-ment of the notes given by the said plaintiff and the said Greenleaf to the Brown heirs, the amount of the notes given to the Brown heirs being all the outstanding liabilities of said Greenleaf and said Brandt; and that the notes of said Sedgwick constitute all the assets of the said Greenleaf and said Brandt.

3. That the said Greenleaf, being in the possession of the notes of Sedgwick as aforesaid, without the knowledge or consent of said Brandt, in the month of April, 1873, deliv-ered said notes to the defendant, the Meridian National Bank, as collateral security for the individual debt of the said Greenleaf, he having procured a loan from said bank on the faith of said collaterals, the said Greenleaf endorsing said notes to said bank by placing his name on the back thereof.

4. The said bank, at the time the said notes were so assigned, had notice that the plaintiff was an equal owner with said Greenleaf of said notes; that they were made by Sedgwick for the purchase of the real estate sold to him by said Brandt and Greenleaf, and with notice that said Green-leaf and Brandt were also indebted to said Brown heirs for a part of the purchase-money of said real estate; and it was agreed between said Greenleaf and said bank that said bank should only hold the interest in said notes belonging to said Greenleaf.

5. The debt from Greenleaf to said bank is about the sum of nine thousand dollars, for which the said bank holds the notes of Sedgwick, as well as other notes and certificates of stock, as collateral security therefor; and the entire amount of said collaterals, outside of the notes of Sedgwick, are suffi-cient to secure the said bank from loss.

6. That said Greenleaf is insolvent, and was, on the 26th day of November, 1873, duly adjudged a bankrupt, and the defendant George F. McGinnis was duly appointed assignee

of his estate, and entered upon the discharge of his duties as such assignee.

7. That the proceeds of the sale of said real estate to said Sedgwick, except the notes now held by said bank, and except what was applied to the payment of the original purchase-money to said Brown heirs before the assignment of said notes to said bank, was divided equally between said Greenleaf and said Brandt, each appropriating the same to his own use, and the amount of the notes given by said Greenleaf and said Brandt to said Brown heirs, as set out in complaint.

The court then stated the following as the conclusions of law arising on the foregoing facts:

"That the plaintiff and the defendant Clement A. Greenleaf were partners in buying and selling the real estate described in the complaint, and as such partners they owned and held the notes of Sedgwick, now in the possession of the defendant the Meridian National Bank; and the said notes and the proceeds thereof should be applied to the debt due to the Brown heirs; and that the transfer and delivery of said notes to said bank by said Greenleaf is subject to the right of the plaintiff to have the proceeds of said notes applied to the payment of said partnership debt to said Brown heirs, and did not pass to said bank any interest in said notes, except what might remain and become the separate property of Greenleaf, after the entire debt to said Brown heirs is paid; and that the plaintiff, on executing an undertaking, with surety to be approved by the court, that he will pay to the defendant the Meridian National Bank such amount of said notes as may or would have become due to said Greenleaf, after the entire debt to said Brown heirs has been paid, if any, shall be entitled to have possession of the same."

Over the objections and exceptions of the bank, judgment was rendered according to the findings.

The Brown heirs held a vendor's lien on the land they sold and conveyed to Brandt and Greenleaf, which, as against

the purchasers and all persons having notice, followed the land into the possession of Sedgwick and will hold as a lien until the claim is discharged. *Deibler* v. *Barwick*, 4 Blackf. 339; *Aldridge* v. *Dunn*, 7 Blackf. 248; *Shirley* v. *Shirley*, 7 Blackf. 452; *McCarty* v. *Pruett*, 4 Ind. 226; *Merritt* v. *Wells*, 18 Ind. 171.

Brandt, as a co-partner with Greenleaf, between themselves and against all persons with notice, had a right to have the proceeds of the Sedgwick notes applied in discharge of the lien in favor of the Brown heirs due from them both as partners, until it was paid; and the interest of Greenleaf in the Sedgwick notes, as between Brandt and Greenleaf and against all persons with notice, was whatever share of the proceeds remained to him after the final settlement of the partnership affairs. *Matlock* v. *Matlock*, 5 Ind. 403; *Dunham* v. *Hanna*, 18 Ind. 270; *Smith* v. *Evans*, 37 Ind. 526; *Huston* v. *Neil*, 41 Ind. 504; *Conant* v. *Frary*, 49 Ind. 530.

The application of the law made by the court below was the legitimate conclusion from the facts stated in the finding.

The judgment is affirmed, with costs.