WILLSON ET AL. *v.* NICHOLSON ET AL.

PARTNERSHIP. — *Assignment of Chose in Action by Surviving Partner.* — *Insolvency.* — A surviving partner is entitled to the exclusive possession and control of all of the partnership assets, including choses in action, and may assign the latter in the legitimate settlement of the partnership business, notwithstanding such partnership and its individual members may be insolvent.

SAME.—*Parties.*—*Administrator.*— The surviving partner is, and the administrator of the deceased partner is not, a proper party defendant in an action on a partnership chose in action assigned by the former by delivery merely.

PRINCIPAL AND AGENT. — *Obligation Executed by Officer of Corporation.*— An officer of a corporation who executes an obligation for the payment of money, which, on its face, does not show his representative capacity, is personally bound thereby, though it show that it was executed as a compromise between such corporation and some third person.

SAME. — *Pleading.* — An answer in an action on such an obligation, against such officer, alleging that he had executed the same in his representative, and not in his individual, capacity, but which does not aver his authority to bind such corporation, or that the obligation was executed on account of its business or indebtedness, is bad.

VOL. LXI.—16

SAME. — *Application by Creditors to be Made Parties.* — *Pleading.*— *Counter-Claim.* — *Practice.* — In an action by the assignee, on a chose in action of an insolvent partnership, which has been assigned by a surviving partner, it is presumed, where the contrary does not appear, that such assignment was made in the *bona fide* settlement of the partnership business; and where, in such action, creditors of the insolvent partnership apply to be made parties to the action and file a counter-claim asking the application of the proceeds of such chose in action to the payment of their debts, and the counter-claim does not allege that such assignment was made in bad faith, in which the assignee participated, it is insufficient and may be struck out on motion.

From the Montgomery Circuit Court.

*P. S. Kennedy, W. T. Brush, S. C. Willson, L. B. Willson, J. M. Cowan* and *M. D. White,* for appellants.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellees.

NIBLACK, C. J.—This suit was brought by the appellee Henry Nicholson, against the appellant Samuel C. Willson, and one John N. McConnell, on the following instrument in writing:

"I hereby agree to pay R. H. Craig & Co. three hundred dollars, in consideration of a full and final compromise and settlement this day signed between R. H. Craig & Co. and B. E. Smith & Co. and the I., C. & D. R. R. Co. Payment to be made as soon as work on the line of said road commences west of Crawfordsville. March 6th, 1869.                                    S. C. WILLSON."

The complaint alleged, that the instrument sued on was sold and assigned by delivery, and without indorsement, to the plaintiff by the said McConnell, the surviving partner of the firm of R. H. Craig & Co., after the death of all the other members of the firm, the firm originally consisting of Craig, Wallace, Vance and the said McConnell.

McConnell was made a defendant to answer to his interest in the writing sued on, but made default, and no judgment of any kind was rendered against him.

Willson demurred to the complaint:

1st.   For want of sufficient facts; and,

2d.   For want of proper parties, because of the omission to make the administrators of the deceased members of the firm of R. H. Craig & Co. also defendants, to answer as to the interests of the estates which they respectively represent.

But his demurrer was overruled, and upon that the first error is assigned here.

Willson answered:

1st.   In general denial;

2d.   A want of consideration;

3d.   That the obligation sued on was executed by him as the president of the Indianapolis, Crawfordsville and Danville Railroad Company, and not in his individual capacity, which fact was known to the said R. H. Craig & Co. at the time of its execution; and,

4th.   Setting up substantially the same facts stated in the third paragraph, alleging an "inadvertence" in the execution of the obligation sued on, and praying a reformation of the obligation, so as to make it conform to the real intention of the parties at the time it was executed.

A demurrer was sustained to the third paragraph of the answer, and, upon that, error is also assigned here.

The plaintiff replied in denial of the second and fourth paragraphs of the answer.

And thereupon the other appellants, George Hough, Paul Hughes and Martin W. Doan, each filed his separate counter-claim, alleging, in substance, that they were creditors respectively of the firm of R. H. Craig & Co., the insolvency of the firm, as well as the insolvency of the estates of each of the said deceased members of said firm, and the insolvency of McConnell, the surviving partner; that the instrument sued on belonged to the said firm of R. H. Craig & Co., and constituted its only assets; that the plaintiff had purchased it with full knowledge of all the facts thus alleged; concluding with

prayers, that the said Hough, Hughes and Doan might severally be admitted as parties to this suit, and that the proceeds of the instrument sued on should, when collected, be applied in payment of their said claims against the firm.

On the plaintiff's motion, these counter-claims were all struck out by the court, and upon that decision also, error is assigned here.

A trial by the court terminated in a finding and judgment for the plaintiff.

It has long been a well settled rule of law, that a surviving partner is entitled to the exclusive possession and control of the assets of his firm, including choses in action, for the purpose of settling and closing up the business of the partnership, and we see nothing in the act requiring him to file an inventory and an appraisement of such assets, which changes that rule. 1 R. S. 1876, p. 641; *Morrison* v. *Kramer*, 58 Ind. 38. On the contrary, the authority of the surviving partner in that respect is expressly recognized by the 1st section of that act.

From the facts as stated in the complaint, therefore, we must infer, that the transfer of the obligation in suit, from McConnell to Nicholson, was for some legitimate purpose, within the scope of McConnell's authority, and not in violation of his trust as the surviving partner of his late firm.   *Scott.* v. *Tupper*, 8 Sm. & M. 280.

Until a settlement of the partnership business, the representative of a deceased partner can not claim or take any particular chattel or portion of the property or assets of the firm, or otherwise assume any possession or control of such property or assets.   The surviving partner is, in legal contemplation, the only representative of the firm, in closing up its business, as the joint estate vests in him. The administrators of Craig, Wallace and Vance were, consequently, not necessary parties to this suit.   Parsons Partnership, pp. 440, 441; Story Partnership, secs. 328,.

344, 362; *Holland* v. *Fuller*, 13 Ind. 195; *Conant* v. *Frary*, 49 Ind. 530; 1 Story Eq. Jur., sec. 676.

We do not see any valid objection to the sufficiency of the complaint.

There is nothing on the face of the obligation sued on to indicate that Willson was acting as the representative of the railroad company when he executed it. From the language used in the obligation, it would be equally as easy to infer that he was acting on behalf of B. E. Smith & Co. as of the railroad company.

Nothing was averred in the paragraph of the answer, showing that Willson, as president of the railroad company, was authorized to bind the company by the execution of such obligations on its behalf.

Nor was it averred, that the obligation was executed for any indebtedness against, or on account of any business of, the company. That paragraph, therefore, appears to us to have been bad on demurrer. 1 Parsons Notes & Bills, pp. 167, 168.

We construe the action of the court in striking out the counter-claims of Hough, Hughes and Doan, as being equivalent to overruling their application to be admitted as parties to the suit, because of the alleged insufficiency of the facts averred in such counter-claims.

As has been stated above, it will be presumed, in the absence of any allegation to the contrary, that the plaintiff's purchase of the instrument in suit was a *bona fide* one, and that it was transferred to him for a valuable consideration, in the ordinary course of business.

McConnell, the surviving partner, was the trustee for the payment of the debts generally, against his firm.

Under such circumstances, the plaintiff was not responsible for McConnell's alleged misapplication of the proceeds of the sale, unless he participated in such misapplication. 2 Story Eq. Jur., sec. 1128.

There is no averment in any one of the counter-claims, that the plaintiff's purchase was not a *bona fide* one and

not for a valuable consideration, or that the plaintiff in any manner participated in the misapplication of the proceeds of his purchase.

Without some such averments as these, we are of the opinion, that the counter-claims did not present facts sufficient to entitle either Hough, Hughes or Doan to be admitted as a party to this suit, and. that, consequently, the court did not err in striking out such counter-claims.

The insolvency of the firm, and of all the members of it individually, constituted no impediment to McConnell's making a *bona fide* · transfer of the assets of the firm, with the ostensible purpose of closing up its business. *Frank* v. *Peters,* 9 Ind. 343.

The judgment is affirmed, at the costs of the appellants.